the remedy by motion under 28 U.S.C.A. § 2255 was inadequate or ineffective to test the legality of his detention. The trial court, however, treated the application for the writ as a motion, filed under § 2255, to vacate the sentences under which Shepherd is confined and after a hearing refused to vacate such sentences.

Shepherd has appealed.

The only substantial question presented is whether counts three and four of the indictment charged two separate and distinct offenses. Petitioner asserts that each count charged the same offense.

The indictment is predicated on 18 U.S.C.A. § 76 (Revised Criminal Code, 18 U.S.C.A. § 912). We have held that the statute defines two separate and distinct offenses: One, the assuming and pretending to be an officer or employee acting under the authority of the United States and taking it upon himself to act as such; the other, in such pretended character demanding or obtaining any money, paper, document, or other valuable thing.[1] Count three charged the first offense defined in the statute and count four charged the second offense defined in the statute. Each charged an offense separate and distinct from the offense charged in the other. Accordingly, we conclude that the sentences are valid.

Affirmed.

Richard A. Perkins, Los Angeles, Cal., for appellant.

Lyle W. Rucker, Los Angeles, Cal., for appellees Shultz and Puetz.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

PER CURIAM.

Howard Lane and Harold W. Gentis brought an action against appellant. Appellant, as a third-party plaintiff, served a third-party complaint on Gordon W. Shultz, Ernest Puetz and Lee McCoy, as third-party defendants. See Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Shultz, Puetz and McCoy moved to dismiss the third-party complaint for lack of jurisdiction and for failure to state a claim upon which relief could be granted. From an order (improperly called a judgment) granting the motion and dismissing the third-party complaint, appellant has appealed. That order was not a final decision, within the meaning of 28 U.S.C.A. § 1291, and was not appealable. Baltimore & Ohio R. R. Co. v. United Fuel Gas Co., 4 Cir., 154 F.2d 545; County Bank v. First National Bank, 4 Cir., 184 F.2d 152. Therefore the appeal is dismissed.

## C B S STEEL & FORGE CO. v. SHULTZ et al.

No. 12864.

United States Court of Appeals Ninth Circuit.

Sept. 17, 1951.

---

1. Elliott v. Hudspeth, 10 Cir., 110 F.2d 389, 390. See, also, United States v. Lepowitch, 318 U.S. 702, 704–705, 63 S. Ct. 914, 87 L.Ed. 1091.