Louis J. COUREMBIS and Dorothy W. Courembis, Appellants,

v.

INDEPENDENCE AVENUE DRUG FAIR, INC., et al., Appellees.

No. 17175.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 31, 1963.

Decided March 14, 1963.

Mr. Ford E. Young, Jr., Washington, D. C., for appellants.

Mr. Dennis G. Lyons, Washington, D. C., with whom Mr. K. Norman Diamond, Washington, D. C., was on the brief, for appellees. Mr. G. Duane Vieth, Washington, D. C., also entered an appearance for appellees.

Before WASHINGTON, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court dismissing appellants' third-party complaint against appellees. This court has no jurisdiction to entertain the appeal and, therefore, it will be dismissed.

■ Appellants sought direct review of the order under the provisions of 28 U.S.C. § 1291 (1958), which give this court jurisdiction of appeals from "final decisions" of the District Court. Since the trial court dismissed the third-party complaint without an express determination that there was no just reason for delay, and did not specifically direct the entry of judgment as provided in Rule 54(b) of the Federal Rules of Civil Procedure, the order, under the clear provisions of that rule, did not finally terminate the action as to any of the claims or parties. In such a case there is no final decision and no appeal lies under § 1291.

■ Likewise, no appeal can be taken under the provisions of 28 U.S.C. § 1292 (b), for the trial judge did not state in the order that a controlling question of law was involved or that an appeal would materially advance the ultimate termination of the litigation. Cf. Sass v. District of Columbia, 114 U.S.App.D.C., ——, 316 F.2d 366.

■ Appellants' fear that they will not be heard on the merits of the dismissal of the third-party complaint, if the pending litigation results in a determination against them, is groundless. Counsel for appellees concedes, as indeed he must, that, if and when the trial court renders a final decision against appellants within the meaning of § 1291, the latter will be entitled to appeal, at which time they may raise the issue of the correctness of the order dismissing the third-party complaint.

Dismissed.