Barnett W. **WOODBY,** Plaintiff-Appellee,

v.

The **CHESAPEAKE AND OHIO RAILWAY COMPANY,** a Virginia corporation, Defendant and Third-Party Plaintiff-Appellant,

v.

Edward LaVerne **BURGHARDT** et al., Third-Party Defendants-Appellees.

No. 16453.

United States Court of Appeals Sixth Circuit.

May 20, 1965.

---

**2.** The Board did not premise its decision on a violation of Section 404.

William G. Comb, Detroit, Mich., Francis H. Monek and John J. Naughton, Chicago, Ill., for third-party defendants-appellees, on motion to dismiss appeal.

Feikens, Dice, Sweeney & Sullivan, Detroit, Mich., for plaintiff-appellee, on affidavit in support of motion to dismiss appeal.

Walter A. Kleinert, Robert A. Straub, Detroit, Mich., for defendant and third-party plaintiff-appellant, on brief in opposition to motions to dismiss appeal.

Before CECIL, O'SULLIVAN and PHILLIPS, Circuit Judges.

HARRY PHILLIPS, Circuit Judge.

The railroad has appealed from the order of the district court dismissing its third-party complaint. Motions to dismiss the appeal have been filed by plaintiff-appellee and the third-party defendants-appellees on the ground that the order appealed from is not a final and appealable decision under 28 U.S.C. § 1291.

The complaint was filed under the Federal Employers' Liability Act, 45 U.S.C. § 56, averring that plaintiff, while employed as a car inspector for the railroad and while standing between two freight cars and engaged in checking and fastening the air couplings, was injured when the railroad negligently and carelessly allowed and caused one of its engines to enter upon the same track and strike the train of cars upon which plaintiff was working. The case between plaintiff and the railroad is still pending in the district court and has not yet been tried upon its merits.

On the same day that it filed its answer, the railroad also filed under Rule 14 of the Federal Rules of Civil Procedure a third-party complaint against five members of the crew who were working on the train which allegedly struck the freight cars and caused plaintiff's injuries.

The order of the district court dismissing the third-party complaint is set forth in the margin.[1]

The district court did not direct the entry of a final judgment as to the third-party complaint or make an "express determination that there is no just reason for delay" or "an express direction for the entry of judgment," as provided by Rule 54(b), Federal Rules of Civil Procedure.[2]

Prior to 1961 there was disagreement among the Circuits as to whether or not an order dismissing a third-party com-

---

1. "Plaintiff and third-party defendants both having moved for a dismissal of the third-party complaint filed in this action, and

"This Court having considered briefs and memorandums [sic] of law submitted by counsel for all the parties in this action with respect to the merits of the third-party complaint and the motions for dismissal.

"IT IS ORDERED that said motions be and the same are granted and the third-party complaint filed in this action be and the same hereby is dismissed."

2. "(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. As amended Dec. 27, 1946, eff. March 19, 1948; Apr. 17, 1961, eff. July 19, 1961."

plaint was a final and appealable decision under 28 U.S.C. § 1291.[3]

The 1961 amendment, effective July 19, 1961, modified subdivision (b) to make it cover situations "when multiple parties are involved" and to authorize entry of final judgment as to fewer than all the parties only to the extent of an express determination to that effect. The Ad-

visory Committee's note to the 1961 amendment explains its purpose.[4]

Regardless of what the rule may have been prior to the 1961 amendment, it is now clear that an order dismissing a third-party complaint is not a final and appealable decision unless the district court has made the determination required by Rule 54(b) (See note 2);

**3.** For example, the Ninth Circuit in CBS Steel & Forge Co. v. Shultz, 191 F.2d 683, and the Fourth Circuit in Ford Motor Co. v. Milby, 210 F.2d 137, summarily held that the order was not a final decision and not appealable. In General Electric Co. v. Irvin, 274 F.2d 175 (C.A. 6), and General Taxicab Ass'n v. O'Shea, 71 App.D.C. 327, 109 F.2d 671 the courts based their decisions on the "sound discretion of the district court" criteria, thus treating the order as appealable.

In Pabellon v. Grace Line, Inc., 191 F.2d 169 (C.A. 2), cert. denied, 342 U.S. 893, 72 S.Ct. 201, 96 L.Ed. 669, the court held that compliance with 54(b) would allow appeal, but in Flegenheimer v. General Mills, Inc., 191 F.2d 237 (C.A. 2), a different panel of judges of the same court declined to follow Pabellon.

**4.** This note is quoted as follows in 3A Barron & Holtzoff, Federal Practice and Procedure, p. 130 (Wright ed. 1958, Supp.1964):

"This rule permitting appeal, upon the trial court's determination of 'no just reason for delay,' from a judgment upon one or more but less than all the claims in an action, has generally been given a sympathetic construction by the courts and its validity is settled. Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478 (1942); Sears Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); Cold Metal Process Co., v. United Engineering & Foundry Co., 351 U.S. 445 (1956).

"A serious difficulty has, however, arisen because the rule speaks of claims but nowhere mentions parties. A line of cases has developed in the circuits consistently holding the rule to be inapplicable to the dismissal, even with the requisite trial court determination, of one or more but less than all defendants jointly charged in an action, i. e. charged with various forms of concerted or related wrongdoing or related liability. See Mull v. Ackerman, 279 F.2d 25 (2d Cir. 1960); Richards v. Smith, 276 F.2d 652 (5th Cir.1960); Hardy v. Bankers Life & Cas. Co., 222 F.2d 827 (7th Cir.1955);

Steiner v. 20th Century-Fox Film Corp., 220 F.2d 105 (9th Cir.1955). For purposes of Rule 54(b) it was arguable that there were as many 'claims' as there were parties defendant and that the rule in its present text applied where less than all of the parties were dismissed, cf. United Artists Corp. v. Masterpiece Productions, Inc., 221 F.2d 213, 215 (2d Cir. 1955); Bowling Machines, Inc. v. First Nat. Bank, 283 F.2d 39 (1st Cir.1960); but the Courts of Appeals are now committed to an opposite view.

"The danger of hardship through delay of appeal until the whole action is concluded may be at least as serious in the multiple-parties situations as in multiple-claims cases, see Pabellon v. Grace Line, Inc., 191 F.2d 169, 179 (2d Cir.1951), cert. denied, 342 U.S. 893 [72 S.Ct. 201, 96 L.Ed. 669] (1951), and courts and commentators have urged that Rule 54 (b) be changed to take in the former. See Reagan v. Traders & General Ins. Co., 255 F.2d 845 (5th Cir.1958); Meadows v. Greyhound Corp., 235 F.2d 233 (5th Cir.1956); Steiner v. 20th Century-Fox Film Corp., supra; 6 Moore's Federal Practice ¶ 54.34[2] (2d ed. 1953); 3 Barron & Holtzoff, Federal Practice & Procedure § 1193.2 (Wright ed. 1958); Developments in the Law—Multiparty Litigation, 71 Harv.L.Rev. 874, 981 (1958); Note, 62 Yale L.J. 263, 271 (1953); Ill.Ann.Stat. ch. 110, § 50(2) (Smith-Hurd 1956). The amendment accomplishes this purpose by referring explicitly to parties.

"There has been some recent indication that interlocutory appeal under the provisions of 28 U.S.C. § 1292(b), added in 1958, may now be available for the multiple-parties cases here considered. See Jaftex Corp. v. Randolph Mills, Inc., 282 F.2d 508 (2d Cir.1960). The Rule 54(b) procedure seems preferable for those cases, and § 1292(b) should be held inapplicable to them when the rule is enlarged as here proposed. See Luckenbach Steamship Co., Inc., v. Muehlstein & Co., Inc., 280 F.2d 755, 757 (2d Cir. 1960); 1 Barron & Holtzoff, supra, § 58.1 p. 321 (Wright ed. 1960)."

Courembis v. Independence Avenue Drug Fair, Inc., 115 U.S.App.D.C. 7, 316 F.2d 658 (C.A.D.C.); Sass v. District of Columbia, 114 U.S.App.D.C. 365, 316 F.2d 366, 368 (C.A.D.C.); 3A Ohlinger's Federal Practice, pp. 257–8 (1964); 3 Barron & Holtzoff, Federal Practice & Procedure, § 1193.2 (Wright Ed. 1958, Supp. 1964).

Since the order of the district court in the present case does not make a determination of finality as provided in Rule 54(b), we hold that the order dismissing the railroad's third-party complaint is not a final and appealable decision.

The motion to dismiss the appeal is sustained.