**Richard E. McGILTON, Plaintiff,**

v.

**MOBAY CHEMICAL COMPANY, a corporation, and Rodney L. Curtis, Defendants.**

**No. 1169-W.**

United States District Court
N. D. West Virginia.

Aug. 23, 1966.

James W. Pyles, New Martinsville, W. Va., for plaintiff.

Thomas B. Miller, John B. Garden, Wheeling, W. Va., for defendant.

MEMORANDUM

MAXWELL, Chief Judge.

On December 16, 1963, this Court granted the motion of defendant Mobay Chemical Company for a summary judgment as to one of plaintiff's two theories of recovery. Briefly, plaintiff's rejected theory was that the chemical "T.D.I." involved in this case was inherently dangerous and defendant was thus absolutely liable for injuries allegedly sustained by

plaintiff while handling it. Plaintiff's remaining theory was that defendant's negligence had proximately caused his injuries.

Prior to the decision just referred to, Coastal Tank Lines, Inc., plaintiff's employer, had been made a third party defendant by defendant Mobay Chemical Company under a theory of implied indemnity, limited to and resting upon the issue of Mobay Chemical Company's absolute liability. When the Court granted the summary judgment as to that cause of action, Mobay Chemical Company's theory of implied indemnity was destroyed, and Coastal Tank Lines, Inc., was dropped from the suit.

On January 31, 1966, plaintiff moved the Court to reconsider the question of the chemical "T.D.I." being inherently dangerous and presented to the Court facts not available when the Court decided the question in December, 1963. On February 1, 1966, a joint motion was filed by plaintiff and Mobay Chemical Company requesting additionally that Coastal Tank Lines, Inc., be brought back into the suit as a third party defendant.

A prerequisite to considering the motions to reconsider is a determination that the order of December 16, 1963, was not final. The finality of an order adjudicating one or more, but less than all, multiple claims is controlled by Rule 54(b) F.R.Civ.P. Rule 54(b) requires the court to make "an express determination that there is no just reason for delay and * * * an express direction for the entry of judgment * * * [otherwise] * * * the order * * * is subject to revision at any time before the entry of judgment adjudicating all the claims."

■ The order in question expressly provides for entry of judgment, but a de-

termination that "there is no just reason for delay" is absent. The Court finds that the order of December 16, 1963,[1] does not fulfill the requirements of Rule 54(b) and is therefore subject to reconsideration at any time prior to final disposition of the entire case.[2]

■ The Court is of the opinion, based on an examination of scientific material and publications presented by plaintiff, that the question of whether or not "T.D.I." is inherently dangerous is properly an issue requiring further judicial development. Accordingly, the partial summary judgment order of December 16, 1963, dismissing Coastal Tank Lines, Inc., and ruling as a matter of law that "T.D.I." is not an inherently dangerous chemical is rescinded.

---

1. The order was entered by Charles F. Paul, now deceased, who was at that time Chief Judge of the Northern District of West Virginia.

2. See § 54.28, 6 Moore's Federal Practice, 2nd Edition, Courembis v. Independence Avenue Drug Fair, Inc., 115 U.S.App.D.C. 7, 316 F.2d 658 (1963), Backus Plywood Corp. v. Commercial Decal, Inc., 317 F.2d 339 (2 Cir. 1963), Davis v. National Mortgage Corp., 320 F.2d 90 (2 Cir. 1963), Gilpin v. Scherr, 328 F.2d 884 (3 Cir. 1964).