192 So.2d 334 (1966)
HOTEL ROOSEVELT CO., Inc., Third-Party Plaintiff, Appellant,
v.
CITY OF JACKSONVILLE, a Municipal Corporation, Third-Party Defendant, Appellee.
Nos. I-80-I-115.
District Court of Appeal of Florida. First District.
December 6, 1966.
*335 John A. Rush and Arthur T. Boone, and Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellant.
Mathews, Osborne & Ehrlich, Jacksonville, for appellee, City of Jacksonville.
Jack F. Wayman, Mark Hulsey, Jr., and Nathan Bedell, Jacksonville, for individual appellees.
Charles Cook Howell, Jr., Jacksonville, for appellee, U.S. Fidelity & Guaranty Co.

ON MOTION TO DISMISS
WIGGINTON, Acting Chief Judge.
This cause is before the court on appellee's motion to dismiss the appeal on the ground that it seeks review of a non-appealable order which this court is without jurisdiction to review at the present stage of the litigation.
Appellant, Hotel Roosevelt Co., Inc., is the defendant in numerous actions at law now pending against it in the Circuit Court of Duval County. These actions are brought for the purpose of recovering damages for personal injuries and death suffered by the plaintiffs or their decedents arising out of a fire which occurred in the hotel as a result of alleged negligent acts of the defendant corporation. The several actions have been consolidated and the trial set for a day certain.
Subsequent to the filing of its answer, and after extensive discovery proceedings had been conducted, defendant hotel filed a third-party complaint against appellee city as third-party defendant, pursuant to Rule 1.41, Florida Rules of Civil Procedure, 30 F.S.A. The complaint alleges that the city, through its fire department and its employees, carelessly and negligently performed its duty of properly inspecting the hotel and detecting any fire hazards existing therein, or in failing to report to the hotel that such conditions rendered the hotel unsafe for housing guests. By this complaint the hotel seeks indemnity from the city for whatever liability may be imposed upon it by virtue of judgments which may be rendered in the actions now pending against it.
The city filed its motion to dismiss the third-party complaint, which motion was granted by the trial court on the ground that the city is immune from liability for the acts forming the basis of the cause of action alleged in the complaint. The order of dismissal contains the recital that leave having been granted to the third-party plaintiff to file an amended third-party complaint, and same having been declined, the third-party claim is hereby dismissed with prejudice to the third-party plaintiff, Hotel Roosevelt Co., Inc. It is that order which appellant seeks to have reviewed by this appeal.
*336 Rule 1.41, Florida Rules of Civil Procedure, governing third-party practice in Florida, was adopted and incorporated into our rules of procedure by order of the Supreme Court rendered July 28, 1965, which became effective on January 1, 1966. This rule is an exact counterpart of Rule 14, Federal Rules of Civil Procedure, with the single exception that the time within which the third-party plaintiff may cause a summons and complaint to be served upon a third-party defendant under the Florida rule is enlarged from ten to twenty days. Because of this circumstance appellee urges, and not without reason, that the decisions rendered by courts in the federal jurisdiction interpreting and applying Federal Rule 14 governing third-party practice should be followed in the interpretation and application of the newly adopted third-party practice rule in Florida. Utilizing this premise as a foundation for its position, appellee points to numerous decisions rendered by various federal courts throughout the country, holding that an order dismissing a third-party complaint filed pursuant to Federal Rule 14, Federal Rules of Civil Procedure, is a non-appealable order which may be reviewed only after rendition of final judgment in the main case.[1] The basis of such holding is predicated upon the conclusion that such an order of dismissal does not terminate the litigation between the parties on the merits of a case and is therefore interlocutory in character; that if the main case results in a judgment favorable to the third-party plaintiff, then that party's claim for indemnity against the third-party defendant would be moot and the necessity for litigating it would be obviated.
Appellant strongly urges that although some federal courts have taken the view expressed in the decision cited above, other federal courts have, without specifically passing upon the question, treated orders of the type here considered as final and properly appealable prior to the conclusion of the main case.[2] Since the jurisdiction of these courts to consider the appeals depended upon the finality of the orders appealed, implicit in the decisions is the holding that the orders are final and not interlocutory in character.
In an apparent effort to resolve the conflict in decisions which had arisen in different courts over the country, the Supreme Court of the United States adopted an amendment to Rule 54(b), Federal Rules of Civil Procedure, effective July 19, 1961, dealing with the subject of judgment upon multiple claims, which amendment is as follows:
"(b) JUDGMENT UPON MULTIPLE CLAIMS. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."
It is observed that by the terms of the foregoing rule any order or other form of decision, however designated, which adjudicates less than all the claims in an action shall not terminate the action as to any *337 of the claims. Furthermore, any such order or decision is specifically made interlocutory in character and subject to revision at any time before entry of final judgment. This rule is clearly applicable to an order dismissing a third-party complaint. By the very terms of this rule, such an order is not appealable unless made so by the court rendering final judgment upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. If this is done, the order or decision becomes final and is immediately appealable without awaiting the final determination of the cause.
In the recent case of Woodby v. Chesapeake and Ohio Railway Company[3] the Sixth Circuit Court of Appeals, in holding that an order dismissing a third-party complaint was not appealable because of the failure of the trial court to render it a final judgment in accordance with the provisions of Rule 54(b), Federal Rules of Civil Procedure, said:
"Prior to 1961 there was disagreement among the Circuits as to whether or not an order dismissing a third-party complaint was a final and appealable decision under 28 U.S.C. § 1291.
"The 1961 amendment, effective July 19, 1961, modified subdivision (b) to make it cover situations `when multiple parties are involved' and to authorize entry of final judgment as to fewer than all the parties only to the extent of an express determination to that effect. The Advisory Committee's note to the 1961 amendment explains its purpose.
"Regardless of what the rule may have been prior to the 1961 amendment, it is now clear that an order dismissing a third-party complaint is not a final and appealable decision unless the district court has made the determination required by Rule 54(b) (See note 2); Courembis v. Independence Avenue Drug Fair, Inc., 115 U.S.App.D.C. 7, 316 F.2d 658 (C.A.D.C.); Sass v. District of Columbia, 114 U.S.App.D.C. 365, 316 F.2d 366, 368 (C.A.D.C.); 3A Ohlinger's Federal Practice, pp. 257-8 (1964); 3 Barron & Holtzoff, Federal Practice & Procedure, § 1193.2 (Wright Ed. 1958, Supp. 1964).
"Since the order of the district court in the present case does not make a determination of finality as provided in Rule 54(b), we hold that the order dismissing the railroad's third-party complaint is not a final and appealable decision.
"The motion to dismiss the appeal is sustained."
From the foregoing it reasonably appears that in the federal courts of this country the question of whether an order dismissing a third-party complaint is interlocutory and non-appealable on the one hand, or final and appealable on the other, now depends upon whether the trial court has specifically determined that there is no just reason for delay in seeking a review of the order and directing the entry of judgment as provided in Rule 54(b), Federal Rules of Civil Procedure. If no such determination and direction is made by the trial court, then the order remains interlocutory in character and is subject to revision at any time before entry of final judgment. The appealability or non-appealability of the order is therefore controlled by the provisions of Rule 54(b), Federal Rules of Civil Procedure, and is not left to the judgment or discretion of the individual courts as was the case prior to the time the rule was amended in 1961.
Although the Supreme Court of Florida has elected to incorporate into the procedural law of this state through the adoption of Rule 1.41, Florida Rules of Civil Procedure, a system of third-party practice *338 patterned after the practice prevailing in the federal courts, it has not yet seen fit to also adopt a counterpart rule to Rule 54(b), Federal Rules of Civil Procedure, dealing with judgments upon multiple claims. For this reason our system of procedure does not include a rule specifically denominating an order of the type here considered as interlocutory and non-appealable. Because of this it is our view that the federal decisions bearing on this question, being based upon a rule of procedure unknown to the procedural law of this state, cannot be considered as controlling in resolving the question presented for our decision.
Having no precedent to guide us in reaching our conclusion, we must rely upon decisions which may be considered applicable by analogy. The traditional test usually employed by the courts of this state in determining the finality of an order, judgment, or decree is whether the order in question marks the end of the judicial labor in the case, and nothing further remains to be done by the court to fully effectuate a termination of the cause as between the parties directly affected. An order dismissing with prejudice a complaint at law was held in Palm Shores, Inc. v. Nobles[4] to be an appealable final judgment because it forever disposed of the issues sought to be presented by the complaint. This is precisely the type of order from which the appeal in the case sub judice is taken, and under the authority above cited the order must be considered final and not interlocutory in character.
In Florida Fuel Oil v. Springs Villas[5] the Florida Supreme Court considered and adjudicated on its merits an appeal seeking review of an order dismissing with prejudice a cross-claim filed by defendant cross-claimant against third-party cross-defendants. This is essentially the same type of order from which the appeal in the case sub judice is taken. Although the appealability of the order sought to be reviewed in that case was not squarely raised on the appeal, implicit in the court's decision is the holding that the order was final and appealable. In a case factually similar in all material respects to Florida Fuel Oil, this court, in Leeward and Hart v. South Central Airlines,[6] squarely held that an order dismissing with prejudice a cross-claim brought by defendant cross-claimant against cross-defendants was a final order subject to review by appeal prior to the conclusion of the main suit.
Based upon the foregoing authorities we conclude, and so hold, that the order rendered in the case sub judice which dismissed with prejudice the third-party complaint filed by appellant herein against appellee City of Jacksonville was a final adjudication of the cause of action alleged in the complaint as between the third-party plaintiff and third-party defendant, and is appealable without awaiting the final conclusion of the main case. The motion to dismiss this appeal is accordingly denied.
CARROLL, DONALD K., and SACK, JJ., concur.
NOTES
[1] Illustrative of this holding, see Baltimore & Ohio R. Co. v. United Fuel Gas Co., (4th Cir., 1946) 154 F.2d 545; CBS Steel & Forge Co. v. Shultz, (9th Cir., 1951) 191 F.2d 683; Ford Motor Co. v. Milby, (4th Cir., 1954) 210 F.2d 137.
[2] Illustrative of this holding, see General Electric Company v. Irvin, (6th Cir., 1960) 274 F.2d 175; General Taxicab Ass'n v. O'Shea, (1940) 71 App.D.C. 327, 109 F.2d 671.
[3] Woodby v. Chesapeake and Ohio Railway Company v. Burghardt, (6th Cir., 1965) 345 F.2d 668.
[4] Palm Shores, Inc. v. Nobles, 149 Fla. 103, 5 So.2d 52.
[5] Florida Fuel Oil, Inc., v. Springs Villas, Inc., (Fla. 1957) 95 So.2d 581.
[6] Leeward and Hart Aeronautical Corporation v. South Central Airlines, Inc., (Fla. App. 1966) 184 So.2d 454.