ON MOTION TO DISMISS
SMITH, Judge.
Appellee Wainwright, by motion to dismiss Seaboard’s appeal, asserts that the order from which the appeal was taken is an interlocutory order which is not reviewable by interlocutory appeal, Rule 4.2, F.A.R. Seaboard regards the questioned order as effectively a final judgment, from which plenary appeal may be taken.
Wainwright’s action against Seaboard in the circuit court arose from the death of Wainwright’s decedent, a passenger in an automobile which collided with Seaboard’s train at a grade crossing. The collision also killed the driver of the automobile, whose administrator, Battle, also sued Seaboard.
Seaboard’s appeal results from the trial court’s denial of Seaboard’s motion for leave to file a third party complaint against Battle in Wainwright’s case. Seaboard wished to allege that Battle is liable to Seaboard for any damages that Seaboard might be called on to pay Wainwright on account of the death of the passenger. The third party complaint was tendered more than 20 days after Seaboard’s original answer, so leave of court was necessary for its filing. Rule 1.180(a), R.C.P. Because the trial court denied Seaboard leave to file the third party complaint, no process was served on the putative third party defendant and no appearance was made in his behalf in that cause.
The trial court’s refusal to permit the filing of Seaboard’s third party complaint did not finally dispose of the issues of indemnity or contribution as between Seaboard and Battle. On the contrary, the trial court’s order was that, for reasons which do not clearly appear in this record, such claims would not be entertained in Wainwright’s action. In contrast to such cases as Hotel Roosevelt Co., Inc. v. City of Jacksonville, 192 So.2d 334 (Fla.App. 1st, 1966), therefore, the questioned order was merely an interlocutory resolution of a procedural controversy between Wainwright and Seaboard, not a final order disposing of Seaboard’s claim against Battle. Because the order to which the plenary appeal is addressed was interlocutory, not final, and no showing is made which would justify our treating the appeal as an application for *1233 common law writ of certiorari, the improvidently taken appeal must be dismissed.
Appeal dismissed.
BOYER, C. J., and, MILLS, J., concur.