In the Matter of LICEK POTATO CHIP CO., an Illinois Corporation, Debtor.

Appeal of Wayne H. FAIR and Bettie A. Fair.

No. 78–1811.

United States Court of Appeals, Seventh Circuit.

Argued April 9, 1979.

Decided May 21, 1979.

---

Terry L. Fields, Springfield, Ill., for appellants.

Richard C. McDonald, J. Christopher Jackson, Decatur, Ill., for appellees.

Before TONE and BAUER, Circuit Judges, and BONSAL, Senior District Judge.*

TONE, Circuit Judge.

This is an appeal from an order of the district court affirming the bankruptcy judge's dismissal of a third-party complaint for lack of jurisdiction. We do not reach the issue of the correctness of the order appealed from, because we are without jurisdiction to hear the appeal.

Appellants, Wayne and Bettie Fair, and Licek Potato Chip Company entered into an agreement, the terms of which are not clear from the record but which seems to have provided for distribution of potato chips by the Fairs. Soon thereafter Licek filed a petition under Chapter XI of the Bankruptcy Act, 11 U.S.C. § 701, et seq. At the first

---

* The Honorable Dudley B. Bonsal, Senior District Judge of the Southern District of New York, is sitting by designation.

meeting of creditors, Licek presented a proposed plan of arrangement. The Fairs filed an acceptance and a proof of claim for $35,000, based on a note Licek had executed and delivered to them. The bankruptcy judge then entered an order confirming the plan.

Subsequently Licek and the receiver filed a complaint in the bankruptcy proceeding seeking a declaration that the transaction between Licek and the Fairs was a loan transaction and that the Fairs' claim was unsecured and subject to the provisions of the plan of arrangement, and asking that the Fairs be required to deliver to Licek and the receiver certain vehicle titles involved in the Licek-Fairs transaction. The Fairs answered, alleging that the transaction "was for the purchase of routes and equipment from the debtor and was not a loan transaction." The bankruptcy judge allowed the Fairs' claim as an unsecured claim and later entered an order approving the final report of the receiver and closing the case as to all matters except "the claim of Wayne H. Fair and Bettie A. Fair against the debtor."

The Fairs then filed a "cross-complaint and third-party complaint" naming Licek as cross-defendant and the appellees herein as third-party defendants and alleging as follows: Appellees First National Bank of Decatur and Jonann, Robert, and Charles Lyon wrongfully induced the Fairs to purchase a Licek distributorship from the Lyons using $35,000 borrowed from the bank for that purpose without informing the Fairs of the precarious financial position of Licek and its obligation to the bank in excess of $200,000. Appellees William Walker and Patrick Nolan, who subsequently purchased Licek in the course of the Chapter XI proceedings, promised to make the Fairs whole in the transaction. Appellee Acton Company purchased Licek from Walker and Nolan subject to the claim of

the Fairs. The relief sought was the return of the $35,000 to the Fairs.

On motion of appellees, the bankruptcy judge dismissed for lack of jurisdiction "the third-party complaint," meaning that part of the Fairs' pleading that sought relief against appellees. The record before us contains no ruling on the claim which the pleading asserted against Licek. The district court affirmed the bankruptcy judge's order. Although no determination and direction under Rule 54(b), Fed.R.Civ.P., was entered, the Fairs filed a notice of appeal from the order.

Appellant's argument in support of our jurisdiction is based primarily on § 24(a), 11 U.S.C. § 47(a), which is made applicable to Chapter XI by § 316, 11 U.S.C. § 716. 8 *Collier on Bankruptcy*, ¶ 3.30[2.1] at 276 & n.5 (14th ed. 1978); 9 *Moore's Federal Practice*, ¶ 206.02 at 1205 & n.9 (2d ed. 1975). Section 24(a) grants the courts of appeals jurisdiction over both final and interlocutory orders in "proceedings in bankruptcy" but over only final orders in "controversies arising in proceedings in bankruptcy." 2 *Collier on Bankruptcy*, ¶ 24.04[2] at 715 (14th ed. 1976); 9 *Moore's Federal Practice*, *supra*, ¶ 110.19[5] at 222; 16 Wright, Miller, Cooper & Gressman, *Federal Practice and Procedure*, § 3926 at 103 & n.6 (1977). For the distinction between the quoted terms, see *In re Durensky*, 519 F.2d 1024, 1027 (5th Cir. 1975); *see generally* 2 *Collier on Bankruptcy*, *supra*, ¶¶ 24.12–24.36.

■ However difficult it may sometimes be to apply this often criticized distinction,[1] the days of which are now numbered,[2] it is readily determinable that, at the very least, the dispute here is not a proceeding in bankruptcy; for it concerns the jurisdiction of the bankruptcy court over a claim by an adverse claimant against third-parties and is not an administrative matter presented in the ordinary course of the administration of

1. *E. g., In re Brissette*, 561 F.2d 779, 781 (9th Cir. 1977); 9 *Moore's Federal Practice, supra,* ¶ 110.19[5].

2. The distinction is eliminated by the Bankruptcy Reform Act, Pub.L. No. 95–598, 92 Stat.

2549, 2667 (1978), adding § 1293 to Title 28. Under that provision only final orders of the trial court in bankruptcy matters are appealable to the courts of appeals.

**184**

the bankrupt's estate. *Accord, United Kingdom Mutual Steamship Assurance Association v. Liman,* 418 F.2d 9 (2d Cir. 1969); *In re Christ's Church of the Golden Rule,* 172 F.2d 523 (9th Cir. 1949). We need not decide whether the dispute is a controversy arising in a proceeding in bankruptcy, as were those in the *United Kingdom* and *Christ's Church* cases,[3] because even if it is we have no jurisdiction unless the order appealed from is final. Whether the dispute is a "controversy" under § 24(a) or is neither a "proceeding" nor a "controversy" under that section and hence outside its purview and subject to 28 U.S.C. § 1291,[4] the order is appealable only if it is final. *See* 9 *Moore's Federal Practice, supra,* ¶ 110.19[5] at 222 & n.3.

▮ We turn therefore to the question of whether the order appealed from, in which the district court affirmed the bankruptcy judge's order dismissing the third-party claim for lack of jurisdiction, is final. An order dismissing a third-party complaint but leaving another claim pending is a paradigm of an interlocutory order subject to Rule 54(b), Fed.R.Civ.P. *E. g., Courembis v. Independence Avenue Drug Fair, Inc.,* 115 U.S.App.D.C. 7, 8, 316 F.2d 658, 659 (1963). Rule 54(b) is made applicable in Chapter XI proceedings by Bankruptcy Rules 11–61(a) and 754. The Fairs contend, however, that the dismissal of their third-party claim was a final order because it adjudicated the rights of all the parties before the district judge on the appeal from the bankruptcy judge.

▮ This argument rests on a misconception of the jurisdictional scheme in bankruptcy cases. We note initially that orders of the bankruptcy judge need not be final to be appealable to the district judge.[5] This does not mean, however, that the latter's ruling on an interlocutory appeal is appealable to the court of appeals,[6] for our jurisdic-

---

**3.** Here the dispute over jurisdiction arose between adverse claimants and third-parties who the claimants allege fraudulently induced them to enter into the original transaction. This does "present distinct and separable issues" but not "between the trustee and adverse claimants" and not "concerning the right and title to the bankrupt's estate."

**4.** The parties do not contend that jurisdiction exists under 28 U.S.C. § 1292. The order appealed from does not fall within any of the categories of § 1292(a). 28 U.S.C. § 1292(a)(2) refers only to the "ordinary equity receiver," 7B *Moore's Federal Practice,* ¶ 1292(a)(2) (2d ed. 1978), and not to bankruptcy receiverships, 2 *Collier on Bankruptcy, supra,* ¶ 24.27[2.1] at 726.1 n.7. Section 1292(b) does not apply because the district judge did not state in writing that his order satisfied the criteria listed therein.

**5.** Section 2(a)(10) of the Bankruptcy Act, 11 U.S.C. § 11(a)(10), gives the district court jurisdiction to "consider records, findings, and orders certified to the judges by referees, and confirm, modify, or reverse such findings and orders, or return such records with instructions for further proceedings . . . ." Neither this section, nor § 39, 11 U.S.C. § 67, which prescribes the procedure for review of a bankruptcy judge's order and allows review as of right, nor the bankruptcy rules governing appeal to the district court, *see* Bankruptcy Rules 801–814, nor any other applicable provision contain a finality requirement. The Act and Rules place no limit on the jurisdiction of the district court to review interlocutory orders of the bankruptcy judge. *Willyerd v. Buildex Co.,* 463 F.2d 996, 1001 (6th Cir. 1972); *Sulmeyer v. Pfohlman,* 329 F.2d 915, 917 (9th Cir. 1964); 2A *Collier on Bankruptcy,* ¶ 39.21 (14th ed. 1978).

Interlocutory orders of the bankruptcy judge will also be reviewable at the trial court level under the Bankruptcy Reform Act, Pub.L. No. 95–598, 92 Stat. 2549 (1978). Under § 201 of that Act, 92 Stat. 2659 (1978), which will become 28 U.S.C. § 160, appellate panels consisting of three bankruptcy judges may be designated "to hear appeals from judgments, orders, and decrees of the bankruptcy court [created in the new 28 U.S.C. § 151, Pub.L. No. 95–598 § 201, 92 Stat. 2657 (1978)] . . . ." The new 28 U.S.C. § 1482(b), Pub.L. No. 95–598 § 241(a), 92 Stat. 2671 (1978), gives these panels "jurisdiction of appeals from interlocutory judgments, orders, and decrees of bankruptcy courts . . . ." In districts which will not have appellate panels, appeal may be taken to the district court under the new 28 U.S.C. § 1334, Pub.L. No. 95–598 § 238, 92 Stat. 2668 (1978), which gives district courts jurisdiction over interlocutory orders of the bankruptcy courts.

**6.** The bankruptcy judge does not stand in the same relationship to the district court that the district court does to this court. He is an officer of the district court, appointed by that court, 11 U.S.C. § 62(a), and deriving his jurisdiction and powers from that court, 11 U.S.C. § 66. *Heiser v. Woodruff,* 150 F.2d 867, 868 (10th Cir.), *cert. denied,* 326 U.S. 778, 66 S.Ct.

tion is, with exceptions not applicable here, limited to review of final orders of the district court in bankruptcy cases, as it is in other cases.[7]

The district judge's order in the case at bar did not finally decide all the issues between all the parties. Undecided issues remained before the bankruptcy judge and hence before the district court. In the absence, therefore, of an appropriate determination and direction under Rule 54(b), the order was not appealable.

■ The Fairs argue that the district court's entry of a stay pending disposition on appeal implied a determination that no just reason for delaying appeal existed. Rule 54(b), however, requires that the "determination that there is no just reason for delay" and the "direction for the entry of judgment" both be "express." These requirements not having been satisfied, we are without jurisdiction to hear this appeal.

The appeal is dismissed for want of jurisdiction. Appellants are, of course, free to seek an appropriate determination and direction from the district court, in compliance with Rule 54(b), that would make the ruling appealable. If the district court sees fit to grant such a request and to enter judgment accordingly, and a notice of appeal from that judgment is filed, the new appeal will be considered by this panel on the briefs and oral arguments already presented.

---

271, 90 L.Ed. 471 (1945). Parties before the bankruptcy judge are before the district court.

7. The same will be true under the Bankruptcy Reform Act. 92 Stat. 2667 (1978), adding 28 U.S.C. § 1293.