HARLINGTON WOOD, Jr., Circuit Judge,
dissenting.
Not being prepared to depart from Chief ' Judge McGarr’s legal and practical view of this case, I must respectfully dissent.
The petitioning creditors filed an emergency application for the appointment of an interim trustee on the basis that Reid had commingled his personal assets with those of Zaddock Co., Inc., the subject of a related bankruptcy. After an evidentiary hearing Judge McGarr determined that those allegations were correct and that the corporate veil, a very transparent one, should be pierced. Reid, it was found, totally controlled the corporations and had used the corporate assets as his own. Judge McGarr, in coming to this conclusion, received no help from Reid as Reid declined to testify on the grounds that he might incriminate himself.
The interim trustee appointed in the Zad-dock bankruptcy'did testify. He told of his unavailing search for original corporate books and records. Nevertheless he was able to determine that there was corporate indebtedness of about $5,000,000, much of which was due and owing these petitioning creditors. The interim trustee also determined that during one period of time Reid had used about $45,000 of corporate funds for his and his wife’s personal and family expenses. In addition, based on information from two persons formerly associated with the corporation, the interim trustee had reason to believe that there were three banks in Jamaica in which Reid had personal accounts but which contained corporate funds. This confirmed the petitioners’ allegation, based on what Reid himself had previously indicated, that there were substantial corporate funds in Jamaica. There is no need, however, for our present purposes to reexamine all the evidence in detail. The evidence is sufficient, in my judgment, to fully support Judge McGarr’s findings and actions, the seriousness of which he fully understood. Judge McGarr appointed Nathan York, interim trustee in the corporate bankruptcy, as interim trustee of Reid’s personal estate because of his already existing knowledge of the circumstances. If it turns out that an interim trustee is unnecessary the trusteeship can be terminated.
The majority holds that the allegations of commingling which would make Reid personally liable for the unpaid corporate notes, are claims subject to a bona fide dispute and therefore under Section 303(b)(1) cannot constitute a basis for involuntary bankruptcy. The mere fact that Reid does not admit raiding the corporation does not make it a bona fide or legitimate dispute. Judge McGarr resolved any doubt there may have been by finding that the petitioners’ allegations were in fact true and fully justified appointing an interim trustee.
Under the bona fide dispute rule as viewed and applied by the majority these hapless creditors will have standing when that standing may likely be worthless. Judge McGarr is being told not to shut the barn door until it is absolutely certain that the horse is already gone. The evidence strongly suggests that in the meantime any personal or corporate assets that Reid may still have may become conveniently out of *949 his creditors’ reach in sunny Jamaica, but not out of his.[1]

. Although the question of our jurisdiction over this appeal was not raised by the parties I have some reservations about it. Appellant suggests our jurisdiction is under 28 U.S.C. § 1292(a)(2) which confers jurisdiction to the courts of appeals over interlocutory orders "appointing receivers.” Here we are asked to review the appointment of an interim bankruptcy trustee. Our research reveals that at least two panels of this court have stated in dicta that section 1292(a)(2)'s reference to "receivers” is a reference to equity receivers only and therefore does not include bankruptcy trustees. See Cash Currency Exchange, Inc. v. Shine, 762 F.2d 542 (1985); In re Licek Potato Chip Co., 599 F.2d 181, 184 n. 4 (7th Cir.1979); accord 2 COLLIER ON BANKRUPTCY para. 24.27[2.1] at 762.1 n. 7 (14th ed. 1978); 7B MOORE’S FEDERAL PRACTICE para. 1292(a)(2) (2d ed. 1985); 7-Pt. 2 MOORE'S FEDERAL PRACTICE para. 66.02 (2d ed. 1985). Accordingly this appeal of the appointment of an interim trustee is an interlocutory appeal that may not come under the section 1292(a)(2) exception to the finality rule as suggested. However, we may have jurisdiction under the collateral order doctrine, Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under the circumstances, I will consider we do have appellate jurisdiction.