833 F.2d 1005
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Luther Abel NANCE, Plaintiff-Appellant,
v.
Landis LEE, Detective; Timothy S. King; Randall Malpass;
Willard G. Faircloth; Jimmy Holland; Unknown
Officers, Defendants-Appellees.
 No. 87-7293.
 United States Court of Appeals, Fourth Circuit.
 Nov. 25, 1987.
 
 Before SPROUSE and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Luther Abel Nance, appellant pro se.
 James R. Morgan, Jr., Womble, Carlyle, Sandbridge & Rice, for appellees.
 PER CURIAM:
 
 
 1
 Luther Abel Nance, a North Carolina inmate, filed this civil action pursuant to 42 U.S.C. Sec. 1983 alleging that defendant Lee and others used excessive force while he was in their custody. Trial before a jury was had as to defendant Lee and a verdict was rendered in Lee's favor. As a result of the jury verdict, the complaint was dismissed as to defendant Lee. The action was continued as to the remaining four defendants. Nance appeals the order entering judgment on the jury's verdict as to defendant Lee.
 
 
 2
 Under 28 U.S.C. Sec. 1291, this Court has jurisdiction to review final decisions of the district court. A final decision disposes of all issues in dispute as to all parties. "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). Final judgment has not yet been entered in this case.
 
 
 3
 Rule 54(b) of the Federal Rules of Civil Procedure provides that, in a suit involving multiple parties, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The order which Nance appeals expressly provides for the entry of judgment, but a determination that "there is no just reason for delay" is absent. The lack of such a determination prevents this Court from obtaining jurisdiction. McGilton v. Mobay Chemical Co., 40 F.R.D. 483 (N.D.W.Va.1966); see also Hudson v. Peerless Insurance Co., 374 F.2d 942 (4th Cir.1967); Beury v. Beury, 222 F.2d 464 (4th Cir.1955). Accordingly, we dismiss the appeal as premature. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 4
 DISMISSED.