873 F.2d 1438
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ernest DAVIS, Plaintiff-Appellant,
v.
James ROLLINS; Carl Jackson; Carl Davis, Defendants-Appellees.
 No. 88-7323.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 8, 1989.
Decided: April 5, 1989.
Rehearing Denied June 5, 1989.
 
 Ernest Davis, appellant pro se.
 John J. Curran, Jr., Ronald M. Levitan (Office of the Attorney General of Maryland), for appellees.
 Before DONALD RUSSELL, K.K. HALL and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ernest Davis, a Maryland inmate, filed this civil action pursuant to 42 U.S.C. Sec. 1983 alleging that he is forced to work in an area of heavy drug trafficking within the prison, and that someone is tampering with his mail. By order entered November 9, 1988, the action was dismissed as to defendant Rollins, and summary judgment was granted as to defendant Jackson, but denied as to defendant Carol Davis. The action was continued as to defendant Carol Davis. Appellant appeals the November 9 order.
 
 
 2
 Under 28 U.S.C. Sec. 1291, this Court has jurisdiction to review final decisions of the district court. A final decision disposes of all issues in dispute as to all parties. "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). Final judgment has not yet been entered in this case.
 
 
 3
 Rule 54(b) of the Federal Rules of Civil Procedure provides that, in a suit involving multiple parties, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The order which Davis appeals does not expressly provide for the entry of judgment and does not include a determination that "there is no just reason for delay." The lack of such a determination prevents this Court from obtaining jurisdiction. McGilton v. Mobay Chemical Co., 40 F.R.D. 483 (N.D.W.Va.1966); see also Hudson v. Peerless Insurance Co., 374 F.2d 942 (4th Cir.1967); Beury v. Beury, 222 F.2d 464 (4th Cir.1955). Accordingly, we dismiss the appeal as premature. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 4
 DISMISSED.