909 F.2d 1482
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AVEMCO INSURANCE COMPANY, Plaintiff-Appellant,
v.
Kelly A. LAWSON, Benjamin S. Lawson, Allianz Insurance
Company, The American Insurance Company, American Motorists
Insurance Company, Centennial Insurance Company, Continental
Insurance Company, Federal Insurance Company, Fireman's Fund
Insurance Company, Firemen's Insurance Company of Newark,
New Jersey, The Glen Falls Insurance Company, The Hanover
Insurance Company, U.S. Branch of the Sea Insurance Company,
Defendants-Appellees
Adolph Coors Company, Intervening Defendant-Appellee
Kelly Lawson, Brian Cross, Third Party Defendants.
 No. 90-5774.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1990.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff appeals summary judgment for the defendants in this action for declaratory judgment on an insurance contract. A review of the record indicates that cross-claims between the defendants and a third party complaint are still pending. Moreover, the district court, in the order appealed from, specifically stated that the court's order was not a final and appealable order.
 
 
 2
 Absent certification for an interlocutory appeal under 28 U.S.C. Sec. 1292(b) or Rule 54(b), Fed.R.Civ.P., an order disposing of fewer than all parties or claims in an action is nonappealable. William B. Tanner Co. v. United States, 575 F.2d 101, 102 (6th Cir.1978) (per curiam). This rule extends to third party complaints and cross-claims. See Woodby v. Chesapeake and Ohio Railway Co., 345 F.2d 668 (6th Cir.1965) (third-party complaints); Bolack v. Underwood, 340 F.2d 816 (10th Cir.1965) (third-party complaints); Aetna Insurance Company v. Newton, 398 F.2d 729 (3rd Cir.1968) (cross-claims). Because the order appealed from does not adjudicate the pending third party complaint, nor defendants' cross-claims, we conclude there is no final judgment upon which appellate jurisdiction may attach.
 
 
 3
 Therefore, it is ORDERED that plaintiff's appeal be dismissed sua sponte for lack of appellate jurisdiction. Rule 9(b)(1) Rules of the Sixth Circuit.