935 F.2d 269
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Scott W. DAVIDSON, Lori Davidson, Plaintiffs-Appellants
Cross-Appellees,
Travelers Insurance Company, Intervening Plaintiff
Intervening Plaintiff-Appellee (90-1869),
v.
George FISCHER, Buss Condux, Inc., Chemical Industry of
Basel (CIBA), Defendants-Appellees,
Buss Ag, Defendant-Appellee Cross-Appellant,
Areco Inc., doing business as Aaron Equipment Co., Defendant
Third Party Plaintiff-Appellee,
Anderson Development Company, Third Party Defendant-Appellee.
 Nos. 90-1832, 90-1868, 90-1869.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1991.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiffs appeal an order granting judgment for the defendants in this personal injury, products liability case. That appeal has been docketed in this court as Case No. 90-1832. Cross-appeals have been filed in Cases Nos. 90-1868 and 90-1869. The defendant Areco Inc., d/b/a Aaron Equipment Co. (Areco), now moves to dismiss Case No. 90-1832 for lack of jurisdiction. The plaintiffs have not filed a response. As an additional matter, the plaintiffs have filed a stipulation dismissing their appeal in Case No. 90-1832 as to the defendant Buss AG. Travelers Insurance Company (Travelers), an intervening plaintiff and appellant in a related appeal, has filed an objection to the stipulation.
 
 
 2
 The record reveals that a third party complaint was filed by Areco but has not yet been adjudicated. Absent certification for interlocutory appeal under 28 U.S.C. Sec. 1292(B) or Rule 54(B), Fed.R.Civ.P., an order disposing of fewer than all parties or claims in an action is not appealable. William B. Tanner Co. v. United States, 575 F.2d 101, 102 (6th Cir.1978) (per curiam). See also Woodby v. Chesapeake Ohio Railway Co., 345 F.2d 668, 670 (6th Cir.1965). This rule is equally applicable to claims tried separately pursuant to Rule 42(b), Fed.R.Civ.P. See 3A MOORE'S FEDERAL PRACTICE Sec. 21.05 (2nd ed. 1990). Moreover, the district court must make a valid certification to give this court jurisdiction. Knafel v. Pepsi Cola Bottlers of Akron, Inc., 850 F.2d 1155 (6th Cir.1988). Upon review and consideration the court concludes that it does not have jurisdiction in these appeals.
 
 
 3
 It is therefore ORDERED that the motion to dismiss Case No. 90-1832 is granted. Travelers' objection to the stipulation between the plaintiffs and Buss AG is accordingly rendered moot. On the court's own motion, the cross-appeals in Cases Nos. 90-1868 and 90-1869 are dismissed. The dismissal in these cases is without prejudice to the parties' right to perfect a timely appeal in the event of proper Rule 54(b) certification by the district court or entry of final judgment.