POSNER, Circuit Judge.
 

 This appeal in a bankruptcy case requires us to decide two questions of surprising novelty: whether an order by a district judge appointing a receiver in a bankruptcy case is ever appealable even though it is not a final order, and, if so (for, if not, we cannot reach the issue on the merits), whether the law ever allows the appointment of a receiver in a bankruptcy case.
 

 The principal asset of Memorial Estates, Inc. is a cemetery on which the Chicago Bank of Commerce has a mortgage for more than $400,000. Memorial defaulted on the loan secured by the mortgage. The bank began a foreclosure action in an Illinois state court and asked the judge to appoint a receiver to operate the cemetery until the action was over. Memorial had (without the bank’s consent) turned over the operation of the cemetery to Cerneo, Inc., which was busy selling cemetery plots and was keeping the proceeds. Cerneo took the position that the plots were not covered by the mortgage and hence that it owed the bank nothing. The bank vigorously disagreed, pointing out that if Cemco was right the only security for the mortgage was the part of the cemetery not actually usable for cemetery plots, mainly roads and paths, even though the mortgage instrument purported to secure the entire cemetery. The appointment of a receiver
 
 *518
 
 at the request of a creditor to prevent a waste of assets that secure the creditor’s loan is a conventional application of receivership law, see 2 Story’s Equity Jurisprudence § 1145 (14th ed., Lyon, 1918); Kerr on the Law and Practice as to Receivers 26-27 (14th ed., Walton, 1972), and the state judge concluded that the bank was entitled to a receiver in the circumstances and announced he would appoint one. But before he got around to doing so Memorial filed a petition for bankruptcy and the foreclosure suit was removed to the bankruptcy court. See 28 U.S.C. §§ 1334(b), (d).
 

 After an evidentiary hearing the bankruptcy judge decided that a receiver for the cemetery should be appointed pending the foreclosure action, and he so recommended to the district judge, who agreed and appointed the receiver. The bankruptcy judge himself could not appoint the receiver, because the foreclosure suit was collateral to the bankruptcy — a “related” rather than “core” bankruptcy case — so that the actual rulings had to be made by the district judge, with the bankruptcy judge’s role being advisory. See 28 U.S.C. § 157(c)(1).
 

 Cemco intervened in the district court to oppose the appointment of the receiver, and appeals from the appointment. A trustee has been appointed to liquidate Memorial, but he seems to be inactive pending outcome of the foreclosure action, which is proceeding in the district court while the receiver administers the cemetery. The trustee did not object to the appointment of the receiver.
 

 1. If this were not a bankruptcy case there would be no doubt that the district judge’s order was appealable, because 28 U.S.C. § 1292(a)(2) makes orders appointing receivers appealable regardless of finality. See 7B Moore’s Federal Practice § 1292(a)(2) (2d ed. 1986). But a special statute, 28 U.S.C. § 158(d), governs appeals from district courts to courts of appeals in bankruptcy cases, and it merely provides that “courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees” of district courts. The order appointing a receiver pending the decision of the foreclosure action is not a final order while that action is still going on, which it is in this case.
 

 Although no statute makes section 1292(a)(2) inapplicable to bankruptcy cases, this court and most commentators have assumed that the reference in the section is to equity receivers rather than to bankruptcy receivers. See
 
 In re Cash Currency Exchange, Inc.,
 
 762 F.2d 542, 548 (7th Cir.1985);
 
 In re Licek Potato Chip Co.,
 
 599 F.2d 181, 184 n. 4 (7th Cir.1979); Note of Advisory Comm. to Fed.R.Civ.P. 66; 2 Collier on Bankruptcy 1124.27[2.1] at p. 762.1 n. 7 (14th ed. 1978); cf.
 
 Martin v. Partridge,
 
 64 F.2d 591 (8th Cir.1933); 7B Moore’s Federal Practice,
 
 supra,
 
 II 1292(a)(2). None of these cases, however, actually involved a receiver in bankruptcy, and there is a reason for this: the appeala-bility of an order appointing a receiver in bankruptcy is generally a nonissue. First of all, a bankrupt’s property is managed either by the trustee (in a liquidation case) or by the debtor itself (in the usual reorganization case), and in either case it is hard to see what room there would be for a receiver in bankruptcy. He would just be stepping on the toes of the trustee or of the debtor in possession. The inactivity of the trustee in this case illustrates that you don’t need both a trustee and a receiver for the same property.
 

 Under the old law of bankruptcy appeals, moreover, any nontrivial order concerning the bankruptcy proceeding itself, as distinct from related matters (“controversies”), mainly disputes between creditors or (as here) between the debtor and a creditor, was appealable regardless of finality. See
 
 In re Chicago, Milwaukee, St. Paul & Pac. R.R.,
 
 756 F.2d 508, 511-13 (7th Cir.1985). Therefore an order appointing a bankruptcy receiver would clearly have been appeal-able when made. See
 
 In re Homer Arth Well No. 1,
 
 529 F.2d 1272, 1273-74 (6th Cir.1976) (order appointing trustee appeal-able). Although the distinction between proceedings and controversies has been abolished, see 28 U.S.C. §§ 158(a), (d);
 
 In
 
 
 *519
 

 re Chicago, Milwaukee, St. Paul & Pac. R.R., supra,
 
 756 F.2d at 511, the requirement of finality tends still to be administered somewhat more loosely in bankruptcy cases, see e.g.,
 
 In re Sax,
 
 796 F.2d 994, 996, 997 (7th Cir.1986);
 
 In re Riggsby,
 
 745 F.2d 1153, 1154 (7th Cir.1984);
 
 Tringali v. Hathaway Machinery Co.,
 
 796 F.2d 553, 558 (1st Cir.1986);
 
 In re Saco Local Development Corp.,
 
 711 F.2d 441, 443 (1st Cir.1983) — -though whether sufficiently so to allow an appeal in a case such as this may well be doubted in light of
 
 In re Cash Currency Exchange, supra,
 
 762 F.2d at 546, and
 
 In re Delta Services Industries,
 
 782 F.2d 1267, 1270-72 (5th Cir.1986), both of which hold that the appointment of a trustee in bankruptcy is not a final appealable order. We need not decide this question, however, as we believe that section 1292(a)(2) is applicable to this case after all.
 

 Any need to make express provision in the new law (the Bankruptcy Code enacted in 1978) for appeals from orders appointing receivers in bankruptcy cases must have seemed eliminated by 11 U.S.C. § 105(b) (enacted as part of the new Code), which states flatly, “a court may not appoint a receiver in a case under this title.” As the legislative history explains, “the bankruptcy code has ample provision for the appointment of a trustee when needed. Appointment of a receiver would simply circumvent the established procedures.” H.R.Rep. No. 595, 95th Cong., 1st Sess. 316 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 29 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5815, 6273. The reference is to the procedures in the Bankruptcy Code governing the appointment of the trustee. See 11 U.S.C. §§ 321-325, 701-702, 1104. The purpose of section 105(b) is to prevent the district court from short-circuiting these procedures by appointing a receiver, thereby leaving the trustee with nothing to do. An especially relevant provision is 11 U.S.C. § 701, which provides for the appointment of an interim trustee at the outset of the liquidation proceeding; his “function isjsimilar to that of a receiver under current law, but his powers and duties are broader.” H.R.Rep. No. 595,
 
 supra,
 
 at 102, U.S.Code Cong. & Admin. News 1978, p. 6063. Since the Code forbids the district court to appoint receivers in bankruptcy, the framers could not have thought it appropriate to make orders appointing receivers appealable regardless of finality; that would just have raised doubts about the meaning of section 105(b).
 

 The key to the issue of appealability in the present case, however, is the distinction noted earlier between an equity receiver and a bankruptcy receiver. When the bank moved in state court for the appointment of a receiver, it was not asking for the appointment of a bankruptcy receiver; the case was not a bankruptcy case (and the state courts do not have bankruptcy jurisdiction, see 28 U.S.C. § 1334(b)); it was a simple foreclosure action. When the case was removed to federal court because the defendant had declared bankruptcy, all the bank wanted was an equity receiver to administer the cemetery pending resolution of the bank’s foreclosure action. Cf. Kerr,
 
 supra,
 
 at 3; 4 Pomeroy's Equity Jurisprudence §§ 1330-1336 (5th ed., Sym-ons, 1941). The bank did not want a receiver — more properly a trustee — who would liquidate Memorial Estates. When a suit is removéd from state to federal court, the federal court has, with immaterial exceptions (see
 
 Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70,
 
 415 U.S. 423, 437, 94 S.Ct. 1113, 1123, 39 L.Ed.2d 435 (1974)), all the powers that the state court would have had to preserve the rights of the parties pending final judgment, see Fed.R.Civ.P. 64; cf. 28 U.S.C. § 1450, including the power to appoint a receiver, see Fed.R.Civ.P. 66; and it was that power that the district court exercised when it appointed the receiver.
 

 We hold that section 1292(a)(2) is applicable to the appointment of a receiver in a bankruptcy proceeding provided that
 
 *520
 
 he is a genuine equity receiver, or, in the old terminology, if the receiver is appointed in a controversy that is brought into the bankruptcy court because the defendant is bankrupt but is not the bankruptcy proceeding itself. The dispute between the bank and Memorial over Memorial’s default has nothing to do with bankruptcy law; a secured creditor need not (and the bank did not) even file a claim in bankruptcy; he can levy on his security directly.
 
 In re J. Catton Farms, Inc.,
 
 779 F.2d 1242, 1247 (7th Cir.1985). The foreclosure of the bank’s mortgage is being litigated in bankruptcy court for the essentially adventitious reason that the mortgagor is bankrupt. The appointment of a receiver for the mortgaged property — not for the bankrupt’s estate as such — is the appointment of a regular equity receiver and is therefore subject to section 1292(a)(2). Compare our discussion of the possible applicability of section 1292(b) to bankruptcy cases in
 
 In re Riggsby, supra,
 
 745 F.2d at 1156-57.
 

 The result is not an entirely comfortable one; if the cases cited earlier that hold unappealable the appointment of a trustee in bankruptcy are correct, it is not obvious why the appointment of a receiver should be appealable. But that is a complaint to take up with Congress, which made the appointment of equity receivers appealable regardless of finality; the receiver appointed in this case was an equity receiver. The distinction in appealability is not entirely arbitrary, moreover, since the appointment of the trustee in bankruptcy is hedged about with various procedural safeguards (which may reduce the probability of error), and the appointment of an equity receiver is not.
 

 2. Our analysis of jurisdiction shows not only that the order that Cemco complained of is appealable but also that, contrary to Cemco’s submission, the district court had the power to appoint the receiver. Additional support for this conclusion is found in decisions authorizing the appointment of receivers in civil enforcement proceedings by the Securities and Exchange Commission, even though the defendant is in bankruptcy. See, e.g.,
 
 SEC v. First Financial Group of Texas,
 
 645 F.2d 429, 439-40 (5th Cir.1981);
 
 SEC v. Lincoln Thrift Ass’n,
 
 577 F.2d 600, 605-08 (9th Cir.1978).
 

 The power cut off by section 105(b) of the Bankruptcy Code is the power to appoint a receiver for the bankrupt estate, that is, a receiver in lieu of a trustee. 'Thus in
 
 In re Cash Currency Exchange, supra,
 
 where we held that 28 U.S.C. § 1292(a)(2) is limited to equity receivers, the order sought to be appealed was the order appointing the trustee in bankruptcy, and the appellant wanted us to deem the trustee a receiver for purposes of that section. Section 105(b) is not addressed to the power of the bankruptcy court to appoint a receiver in a separate controversy between a creditor and the debtor or another creditor. Of course if, as in this case, the property involved in the dispute is the bankrupt’s main asset, the appointment of the receiver may be an abuse of the district court’s appointive power, because the appointment may have the effect of emasculating the trustee’s role. But that is not an issue here. The trustee is not complaining about the appointment of the receiver. Cemco is; and as the trustee rather than Cemco is the representative of the unsecured creditors, for whose protection the trustee was appointed, Cemco has no standing to complain on their behalf. So far as appears, the trustee, although inactive regarding administration of the cemetery, is fully protecting the interests of the creditors. And the receiver is not engaged in liquidation, which normally is the function of a trustee rather than a receiver. See, e.g.,
 
 SEC v. Lincoln Thrift Ass’n, supra,
 
 577 F.2d at 605. There is no violation of either the letter or the spirit of section 105(b) and no impairment of any creditor’s interest.
 

 Cemco can, however, complain about the appointment of the receiver to the extent that that appointment improper
 
 *521
 
 ly interferes with Cemco's own rights as operator of the cemetery, but this complaint is unpersuasive. The appointment was a proper exercise of the district judge’s equitable powers if there was a danger that Cerneo would dissipate (“waste,” in receivership parlance) assets out of which the bank is entitled to collect the money that Memorial Estates owes it. There was such a danger. Cerneo denies any obligation under the mortgage, and hence claims the right to keep selling off what the bank with much show of reason contends is its collateral, and to retain the proceeds. To prevent dissipation of a security interest is, as we noted earlier, a conventional function for a receiver. Cern-eo said at argument that it has offered to place the proceeds of its sales of the cemetery plots in escrow pending the outcome of the foreclosure suit, but we can find no trace of such an offer in the record; in any event it is a matter for the sound judgment of the district court whether an escrow would be an adequate alternative to the appointment of a receiver. Cerneo has given us no reason to doubt that the judgment was soundly exercised. It would of course have been a lot simpler if the district judge had appointed the trustee in bankruptcy to be the receiver of the cemetery or if no receiver had been appointed and the trustee had been left to operate the cemetery together with the other assets (if any) of Memorial Estates. But maybe the bank, which is a secured creditor, is the only creditor with a valuable claim against the cemetery; and, as noted earlier, a secured creditor is not confined to his remedies under bankruptcy law.
 

 The appointment of the receiver is affirmed. The other orders from which Cern-eo attempts to appeal are clearly nonfinal, and not within any statutory or judge-made exception to the rule that only final orders by district courts may be appealed to this court; so the appeals from those orders are dismissed.
 

 So Ordered.