PER CURIAM.
 

 A proceeding in state court to foreclose a mortgage on a cemetery was removed to federal court when the mortgagor declared bankruptcy. The federal court appointed a receiver to operate the cemetery during the bankruptcy proceeding.' We upheld the appointment in
 
 In re Memorial Estates, Inc.,
 
 797 F.2d 516 (7th Cir.1986). While the foreclosure proceeding was pending, Cem-co, the operator of the cemetery, moved the bankruptcy judge (and later the district judge) to remand the foreclosure proceeding to the state court and also (what amounted to the same thing) moved the district judge to withdraw the reference of the proceeding to the bankruptcy judge. Cemco contended that the mortgage did not cover the cemetery and hence that the mortgagor’s bankruptcy should not be allowed to interfere with Cemco’s operation of the cemetery. These motions were denied in the two orders that Cemco is trying to appeal.
 

 The Bankruptcy Code states that an order granting or denying remand “is not reviewable by appeal or otherwise.” 28 U.S.C. § 1452(b). This might appear to end the appeal (at least insofar as it seeks to challenge the order denying Cemco’s motion to remand the foreclosure proceeding to the state court from which it was removed), except that several cases have held that an order granting remand can, despite the quoted provision, be reviewed on appeal if the motion raises questions going to the subject-matter jurisdiction of the district court. See, e.g.,
 
 Browning v. Navarro,
 
 743 F.2d 1069, 1076-80 (5th Cir.1984). We may assume without having to decide both that these decisions are correct and that their logic applies with equal force to an order denying remand; in either case, we may assume, Congress did not intend to prevent a court of appeals from confining the district court within its jurisdiction.
 

 All this is a red herring, however, since the statute is addressed to the question of reviewability, and the issue for us is ap-pealability. Even if the order denying remand in this case is reviewable, it is appeal-able only if final, see 28 U.S.C. § 158(d). It is not final, as the foreclosure proceeding continues in the district court. For the same reason, the order denying the motion
 
 *763
 
 to withdraw the proceeding from the bankruptcy judge is interlocutory, hence not appealable. See
 
 In re Moens,
 
 800 F.2d 173, 175 (7th Cir.1986).
 

 Appeals Dismissed.