In the Matter of MEMORIAL ESTATES, INCORPORATED, Debtor.

Appeal of CEMCO, INCORPORATED, William L. Needler.

Nos. 88–2939, 89–2803, 89–2879, 89–3586, 89–3601, 89–3665, 90–1053 and 90–1089.

United States Court of Appeals, Seventh Circuit.

Argued May 17, 1991.

Decided Dec. 30, 1991.

Rehearing and Rehearing En Banc Denied Jan. 23, 1992.

As Amended Feb. 26, 1992.

Thomas G. Poulakidas, Poulakidas & Wood, Chicago, Ill.; William L. Needler (argued), Ogallala, Neb.; and James C. Truax, Chicago, Ill., for appellants.

Richard J. O'Brien, Monica Rimai, Sidley & Austin; George L. Grumley (argued), Marjorie E. McCollom, Douglas J. Bank, James T. Avery, Michael R. Enright, Lisa Gordon, Arvey, Hodes, Costello & Burman; Gene Sinclair, Charlotte Nuss, Chicago Bank of Commerce; Robert P. Sheridan (argued); Barbara Stackler, Asst. Atty. Gen., Office of the Atty. Gen.; Victor L. Lewis, Vedder, Price, Kaufman & Kammholz, Chicago, Ill.; Richard Willard, Asst. U.S. Atty., Gregory C. Sisk, Dept. of Justice, Civ. Div., Washington, D.C.; John Karras; Allen S. Gerrard, Chicago, Ill.; George T. Shapen, Northlake, Ill.; Thomas W. Kearney, Sidley & Austin; Nathan M. Cohen, Arvey, Hodes, Costello & Burman; Norman B. Newman, Much, Shelist, Freed, Denenberg, Ament & Eiger; Paul F. Stack, Stack, Filpi & Kakacek; James R. Sneider, Sneider & Troy; Norman L. Hafron, Rosenfeld Totenberg, Schwartzman, Hafron & Shaprio; James A. Stamos; John Karras; and James C. Munson, Kirkland & Ellis, Chicago, Ill., for debtors-appellees.

Before COFFEY, MANION and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Chicago Bank of Commerce n/k/a Associated Bank ("Bank") sought to foreclose on a trust deed held on cemetery property after the mortgagor, Memorial Estates, Inc., defaulted on the loan secured by the mortgage. The foreclosure action was filed in an Illinois state court but was removed to the bankruptcy court when Memorial Estates declared bankruptcy. After an evidentiary hearing, the bankruptcy court recommended to the district court that an equity receiver be appointed to operate the cemetery while the foreclosure action was pending pursuant to 28 U.S.C. § 157(c)(1). After a *de novo* review, the district judge certified the appointment of a receiver.[1] Cemco, Inc., to whom Memorial Estates had assigned its rights to the unused burial plots in the cemetery (without the Bank's approval), intervened and later appealed. We upheld the appointment. *In re Memorial Estates, Inc.*, 797 F.2d 516 (7th Cir.1986).

While also contesting the bankruptcy court's jurisdiction to hear the foreclosure proceeding,[2] Cemco argued that the rights to the unused burial plots were not covered by the trust deed. After trial on the foreclosure action and Cemco's counterclaims, the bankruptcy court submitted several sets of findings of fact and conclusions of law regarding the separate issues to the district court pursuant to § 157(c)(1). The bankruptcy court proposed that the rights to the unused burial plots were covered by the mortgage, that Cemco was not a bona fide purchaser of the rights, that the Bank was entitled to foreclose on the trust deed, and that Cemco's counterclaims had no merit.

After a *de novo* review in which the parties clarified the record and submitted additional evidence, the district court denied Cemco's motion to strike the bankruptcy court's proposed findings and conclusions and affirmed the bankruptcy judge's refusal to recuse himself for bias. In considering Cemco's specific objections to the proposed findings and conclusions, the district court determined that the rights to the unused burial plots were easements expressly covered by the trust deed and that the Bank was entitled to foreclose on the cemetery property. The court also found that Cemco had actual knowledge of the mortgage before it acquired the rights to the plots and therefore was not a bona fide purchaser. The court determined that Cemco did not assume the mortgage and thus was not liable for a deficiency or for attorney's fees and costs provided by the

---

1. In considering the appointment of the receiver by the district court we stated, "The bankruptcy judge himself could not appoint the receiver, because the foreclosure suit was collateral to the bankruptcy—a 'related' rather than 'core' bankruptcy case—so that the actual rulings had to be made by the district judge, with the bankruptcy judge's role being advisory. See 28 U.S.C. § 157(c)(1)." *In re Memorial Estates, Inc.*, 797 F.2d 516, 518 (7th Cir.1986).

2. Cemco's previous attempts to have the foreclosure proceeding remanded to the state court were unsuccessful. *See In re Memorial Estates, Inc.*, 837 F.2d 762 (7th Cir.1988).

deed. The case was referred back to the bankruptcy court for further findings and conclusions as to attorney fees and costs to be awarded against Memorial Estates.

Meanwhile, the Federal Deposit Insurance Corporation ("FDIC") moved for an order in the bankruptcy court directing the receiver to issue deeds for burial plots to certain individual purchasers. The FDIC acquired the right to receive payments due under retail installment contracts with consumers for the purchase of burial rights to plots from the sole shareholder of the cemetery. The bankruptcy court granted the FDIC's motion to compel the issuance of the deeds and the district court ordered their issuance.

The district court conducted a *de novo* review of the bankruptcy court's fee recommendation and adopted it with slight modification. The court ordered a foreclosure and sale of the cemetery property. The judgment provided that if the proceeds of the sale were insufficient to satisfy Memorial Estates' debt to the Bank plus costs the Bank would be entitled to a deficiency judgment and that Memorial Estates would be entitled to any surplus. Cemco's appeal and motion for stay pending appeal were denied by the district court. Cemco also filed an emergency motion for stay with this court which we denied. The Bank was the only bidder on the property at the public auction. The district court approved and confirmed the sale to the Bank, which later sold the property.

Cemco appeals the subject matter jurisdiction of the federal courts to hear the foreclosure action. In *In re Memorial Estates, Inc.*, 797 F.2d at 518, we noted that the foreclosure suit was a "related" rather than "core" bankruptcy case, and therefore the actual rulings had to be made by the district court with the bankruptcy judge's role being advisory.[3] Our decision in that opinion, that the district court had jurisdiction to appoint an equity receiver upon the bankruptcy court's recommendation, implicitly recognized that those courts had jurisdiction over the underlying foreclosure action. "[O]nce an appellate court either expressly or by necessary implication decides an issue, the decision will be binding upon all subsequent proceedings in the same case." *Key v. Sullivan*, 925 F.2d 1056, 1060 (7th Cir.1991). Therefore, the law of the case indicates that the bankruptcy court and the district court had subject matter jurisdiction to hear the foreclosure action.[4]

Nevertheless, even if there is no law of the case regarding subject matter jurisdiction, the federal courts had jurisdiction to hear the foreclosure proceeding.

The foreclosure action was removed by Memorial Estates' bankruptcy trustee to the bankruptcy court pursuant to 28 U.S.C. § 1478(a).[5] The removal occurred after the Supreme Court struck down 28 U.S.C. § 1471(c), which vested the district court's bankruptcy jurisdiction in bankruptcy courts, as a violation of Article III in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102

---

**3.** Cemco argues that the foreclosure action is not "related" to the bankruptcy because there has been no determination that the cemetery is part of Memorial Estates' bankruptcy estate (no schedules have been filed) and because the proceeding is purely a question of state law. While the foreclosure action concerns state law, the proceeding affects the bankruptcy estate because the cemetery was Memorial Estates' principal asset and is therefore "related." *See infra.*

**4.** Cemco argues that there is no law of the case with regard to subject matter jurisdiction because the issue has not been previously determined. *See Key v. Sullivan*, 925 F.2d at 1061. Cemco contends that our holding in *In re Memorial Estates, Inc.*, 837 F.2d 762 (7th Cir.1988), that the bankruptcy court's order denying Cem-

co's motion to withdraw the foreclosure proceeding from that court was interlocutory and not appealable, indicates that its jurisdictional challenge was preserved for an appeal on the merits. Accordingly, Cemco maintains that the only law of the case is that this court preserved its jurisdictional appeal for a hearing on the merits. This argument confuses separate proceedings and has no merit.

**5.** 28 U.S.C. § 1478(a) has been repealed. That section allowed a cause of action in a civil action to be removed to the bankruptcy court for the district where the civil action was pending if the bankruptcy court had jurisdiction over the cause of action. Removal is presently covered by 28 U.S.C. §§ 1334, 1452(a).

S.Ct. 2858, 73 L.Ed.2d 598 (1982),[6] but before the Bankruptcy Amendments and Federal Judgeship Act of 1984 became effective. To provide for the continuing operation of the bankruptcy system, the United States District Court for the Northern District of Illinois adopted a General Order (the Emergency Rule) on December 20, 1982. *See Moody v. Amoco Oil Co.,* 734 F.2d 1200, 1208 (7th Cir.), *cert. denied,* 469 U.S. 982, 105 S.Ct. 386, 83 L.Ed.2d 321 (1984); *White Motor Corp. v. Citibank, N.A.,* 704 F.2d 254 (6th Cir.1983).

The Emergency Rule provided that all cases under Title 11 [the Bankruptcy Code] and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to bankruptcy judges. § C(1). "Related" proceedings were defined as civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district court or a state court. § D(3)(a). In such proceedings, bankruptcy courts were to submit findings, conclusions and proposed orders to the district court, and could only enter final orders if the parties consented. § D(3)(b). The district court would then review the findings, conclusions and proposed orders *de novo* and enter the appropriate orders. § E(2).

▪ A case is "related" to a bankruptcy when the dispute "affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors." *In re Xonics, Inc.,* 813 F.2d 127, 131 (7th Cir.1987); *see also Diamond Mortg. Corp. of Illinois v. Sugar,* 913 F.2d 1233, 1239 (7th Cir.1990) (suit is related if it has direct and substantial impact on asset pool available for distribution to creditors),

*cert. denied,* —— U.S. ——, 111 S.Ct. 968, 112 L.Ed.2d 1054 (1991). Considering that the cemetery was the principal asset of Memorial Estates and that the district court's order of foreclosure and sale of the property provided that Memorial Estates was liable to the Bank for any deficiency after the sale and that Memorial Estates would be entitled to any surplus, it is clear that the foreclosure would have affected Memorial Estates' bankruptcy estate and that the proceeding was therefore "related." Under the Emergency Rule, the bankruptcy court had jurisdiction to hear the "related" foreclosure proceeding and submit findings and conclusions to the district court and the district court had jurisdiction to review those findings and conclusions *de novo* and enter a final order.[7]

▪ Cemco also appeals several orders of the district court regarding the rights to the unused burial plots. However, those appeals are moot because the Bank sold the cemetery to a bona fide purchaser during the pendency of this appeal.[8] It is well settled that " '[i]f an event occurs while an appeal is pending that renders it impossible for an appellate court to grant any relief or renders a decision unnecessary, the appeal will be dismissed as moot.' " *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1264 (7th Cir.1986) (quoting *Fink v. Continental Foundry & Machinery Co.,* 240 F.2d 369, 374 (7th Cir.), *cert. denied,* 354 U.S. 938, 77 S.Ct. 1401, 1 L.Ed.2d 1538 (1957)).

Cemco unsuccessfully sought a stay of the enforcement of the district court's order of foreclosure and sale of the property in the district court and in this court and

---

6. We agree with the district court's finding that Cemco's argument that *Northern Pipeline* prohibits bankruptcy courts from hearing "related" cases has no merit. *Northern Pipeline* "establishes only that Congress may not vest in a non-Article III Court the power to adjudicate, render final judgment, and issue binding orders in a traditional contract action arising under state law, without consent of the litigants, and subject only to ordinary appellate review." *Thomas v. Union Carbide Agr. Products Co.,* 473 U.S. 568, 584, 105 S.Ct. 3325, 3334, 87 L.Ed.2d 409 (1985).

7. Federal district courts also had jurisdiction over "related" cases after *Northern Pipeline* pursuant to 28 U.S.C. §§ 1471(a), (b) (presently 28 U.S.C. §§ 1334(a) and (b)). *See In re Salem Mortg. Co.,* 783 F.2d 626, 632 (6th Cir.1986). Both the bankruptcy court and the district court would now have jurisdiction to hear the "related" action pursuant to 28 U.S.C. § 157(c)(1).

8. Cemco's arguments that the sale was not at arms length and is not bona fide and that the special warranty deed conveyed by the Bank to the purchaser is invalid to transfer title to the property are unsupported and have no merit.

failed to post a supersedeas bond to stay the sale. See FED.R.CIV.P. 62(d). In the absence of a stay, the sale of the property to a bona fide purchaser by the Bank during the appeal moots the appeal of the judgment ordering the sale. *Meyer,* 781 F.2d at 1263; *In re Vetter Corp.,* 724 F.2d 52, 55 (7th Cir.1983). Therefore, any arguments Cemco makes with regard to the property are moot. *See In re Sax,* 796 F.2d 994, 998 (7th Cir.1986) (whether bankruptcy court had jurisdiction to order and approve sale of property where it was alleged property was not part of debtor's estate was not considered on mootness grounds after sale of property); *Meyer,* 781 F.2d at 1264–65 (appeal of amount due under note was mooted by sale of property during pendency of appeal).

■ Cemco argues that the absence of a designated record precluded a *de novo* review of particular issues by the district court, i.e., whether Cemco assumed the mortgage and whether Cemco had a right to possession and ownership of the cemetery books and records.[9] Cemco acknowledges that at a hearing on these issues the parties clarified the record and submitted additional evidence. In adopting the bankruptcy court's findings and conclusions, the district court stated it had conducted "a *de novo* review of the bankruptcy court record including the exhibits, and in particular the record of the trial of the Bank's foreclosure, and Cemco's counterclaims, and the evidence submitted." Cemco has not pointed to any evidence which was not before the district court or any prejudice it has suffered.

■ Cemco contests the district court's awards of attorney's fees and receiver's fees and the court's order of a sixty-day redemption period after the sale of the property. However, we cannot address the merits of these arguments because Cemco lacks standing to raise them. With regard to attorney's fees and receiver's fees, the district court specifically found that Cemco did not assume the mortgage. Therefore, Cemco is not liable to the Bank for any fees and costs provided by the deed and thus suffers no actual or threatened injury from the district court's award. *See Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984) (to have standing a party must allege a personal injury); *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 804, 105 S.Ct. 2965, 2970, 86 L.Ed.2d 628 (1985) (federal standing requires an allegation of a personal stake in the outcome of the controversy; a litigant must assert his own legal interests rather than those of a third party), *cert. denied,* 487 U.S. 1223, 108 S.Ct. 2883, 101 L.Ed.2d 918 (1988); *Frank Rosenberg, Inc. v. Tazewell County,* 882 F.2d 1165, 1168 (7th Cir.1989) (same), *cert. denied,* 493 U.S. 1023, 110 S.Ct. 726, 107 L.Ed.2d 745 (1990). Similarly, Cemco has no standing to assert that the district court's order of a sixty-day redemption period for Memorial Estates was improper.[10]

Finally, Cemco contends that the bankruptcy court lacked jurisdiction to impose a $1,000 fine against its attorney. The bankruptcy court sanctioned the attorney pursuant to Bankruptcy Rule 9011 and 28 U.S.C. § 1927 because he filed a motion to vacate the bankruptcy court's issuance of deeds of burial plots to FDIC customers which reiterated the same jurisdictional arguments he had made in numerous other pleadings.

■ Although we upheld a bankruptcy court's imposition of a sanction under § 1927, in *In re TCI Ltd.,* 769 F.2d 441 (7th Cir.1985), we did not discuss the court's jurisdiction to impose the sanction.[11] With-

9. We note that the district court determined that Cemco did not assume the mortgage and that whether Cemco was entitled to possession and ownership of the cemetery books and records was irrelevant to the foreclosure proceeding.

10. In addition, Cemco has no standing to argue that the district court had no jurisdiction to enter a deficiency judgment, to order a turnover of funds, or to grant receiver's fees and ex-

penses after the expiration of the redemption period because those awards do not affect Cemco.

11. 28 U.S.C. § 1927 provides:
   Any attorney or other person admitted to conduct cases in any *court of the United States* or any Territory thereof who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously may be re-

**1370**

out addressing Cemco's argument that the bankruptcy court is not a "court of the United States," which the district found persuasive (relying on 28 U.S.C. § 451 and *In re Arkansas Communities, Inc.*, 827 F.2d 1219 (8th Cir.1987)), we agree with the district court's determination that the bankruptcy court had jurisdiction to sanction Cemco's attorney under Bankruptcy Rule 9011. *See Schweiker v. Hogan*, 457 U.S. 569, 585 n. 24, 102 S.Ct. 2597, 2607 n. 24, 73 L.Ed.2d 227 (1982) (appellate court may affirm district court judgment on any basis having support in the record), *cert. denied*, 478 U.S. 1007, 106 S.Ct. 3301, 92 L.Ed.2d 715 (1986); *Martinez v. United Auto., etc., Local 1373*, 772 F.2d 348, 353 (7th Cir. 1985).

■ Bankruptcy Rule 9011 provides that a bankruptcy court may sanction misconduct relating to signed papers filed in "a case under the [Bankruptcy] Code." The sanctions may include an order to pay the other party reasonable expenses incurred because of the filing, including a reasonable attorney's fee.

Cemco argues that the sanction arose in a "related" proceeding (in which the FDIC invoked the bankruptcy court's jurisdiction by motion to issue deeds to purchasers of burial plots) and therefore the bankruptcy court was authorized only to recommend the sanction to the district court and could not enter a final order. *See* 28 U.S.C. § 157(c)(1). Cemco also contends that the sanction is unreasonable and not related to any expenses.

■ The district court found that Cemco's attorney filed the motion at issue in Memorial Estates' bankruptcy case, a "case under the code," and that the sanction itself was a "core" proceeding in which the bankruptcy court could enter a final order pursuant to § 157(b)(1) and (2). The court noted that the attorney's conduct "concern[ed] the administration of the estate" and "affect[ed] the liquidation of the assets

of the estate" in violation of § 157(b)(2)(A) and (O). We agree with the district court's reasoning. In any event, the district court considered the merits of the sanction and found it reasonable and proper. We agree with that determination.

Cemco's other arguments are without merit and warrant no discussion.[12]

The judgments of the district court are AFFIRMED.

---

quired by the court to satisfy personally such excess costs. (Emphasis added).

**12.** Cemco also contends that the issuance of deeds for burial plots to FDIC customers was improper. However, Cemco concedes that it

"has no reason to complain if it does not own the burial rights." Because we found the latter issue moot, we will not address the propriety of the issuance of deeds to FDIC customers.