994 F.2d 843
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Jerome D. ROSS, Appellant,
v.
Thomas G. LOVETT, Jr., Elli M.A. Mills, Kimberly Hughes, Appellees.
 No. 93-1014.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 11, 1993.
Filed: May 14, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jerome Ross appeals from an order of the district court[1] affirming the order of the bankruptcy court[2] imposing sanctions against him pursuant to Bankruptcy Rule 9011. Ross argues that the bankruptcy court erred in ordering sanctions without notice or a hearing. Ross also argues that the bankruptcy court lacked jurisdiction to issue a final order imposing sanctions, citing 28 U.S.C. 157(c)(1).
 
 
 2
 The bankruptcy court had jurisdiction to issue a final order imposing sanctions. See 28 U.S.C. § 157(b)(1) (bankruptcy court has authority to enter final order in core proceeding); Matter of Memorial Estates, Inc., 950 F.2d 1364, 1370 (7th Cir. 1991) (imposition of sanctions is core proceeding), cert. denied, 112 S. Ct. 2969 (1992). Furthermore, Ross had notice that the court was considering sanctions against him, and he had an opportunity to respond to defendants' applications. Ross did not request a hearing. We conclude the bankruptcy court "did not offend due process in its imposition of sanctions." Harlan v. Lewis, 982 F.2d 1255, 1262 (8th Cir. 1993).
 
 
 3
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota
 
 
 [2]
 The Honorable Nancy C. Dreher, United States Bankruptcy Judge for the District of Minnesota