In re IFC CREDIT CORPORATION,
Debtor.

David Leibowitz, the Interim Chapter 7
Trustee of the Estate of IFC Credit
Corporation, Plaintiff,

v.

First Chicago Bank and
Trust, Defendant.

First Chicago Bank and Trust,
an Illinois chartered bank,
Counter–Plaintiff,

v.

Lowis & Gellen LLP, an Illinois limited liability partnership, and Robert
D. Leavitt, Counter–Defendants.

Bankruptcy No. 09 B 27094.
Adversary No. 09 A 1230.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

June 24, 2010.

Allen J. Guon, Ira Bodenstein, Terence G. Banich, Shaw Gussis Fishman Glantz Wolfson & Towbin LLC, Marylynne K. Schwartz, Shaw Gussis, Chicago, IL, for Plaintiff.

John P. Sieger, Paige E. Barr, William J. Dorsey, Katten Muchin Rosenman LLP, Chicago, IL, for Defendant/Counter–Plaintiff.

Corey S. Berman, Law Office of C. Corey S. Berman, Ltd., Chicago, IL, for Counter–Defendants.

## ORDER ON MOTION TO DISMISS THIRD PARTY COMPLAINT

(Docket No. 32)

JACQUELINE P. COX, Bankruptcy Judge.

In this matter the Debtor IFC's Chapter 7 Trustee, David Leibowitz, ("Trustee")

has sued creditor First Chicago Bank and Trust ("FCBT") in this adversary proceeding asking the court to avoid pursuant to 11 U.S.C. § 544 FCBT's purported security interest in the Debtor's leases and loan contracts financed by FCBT because the Debtor was allowed to remain in possession of the leases subject to the security agreement; to avoid pursuant to 11 U.S.C. § 547 FCBT's lien against the leases as a preferential transfer that was perfected within 90 days of the filing of the bankruptcy petition; to avoid and recover the preferential transfers; to avoid pursuant to 11 U.S.C. §§ 549 and 550 unauthorized postpetition transfers made to FCBT by certain lessees after the bankruptcy petition was filed; to compel FCBT to turn over all original leases obtained during the preference period; to obtain an accounting from FCBT of all transfers made between it and the Debtor prior to the bankruptcy filing; and to disallow any and all claims of FCBT pursuant to 11 U.S.C. §§ 502(d) and 550.

First Chicago Bank and Trust sought and was given leave to file a Third Party Complaint against a lawyer and the law firm that advised it regarding the decision to allow the Debtor to retain possession of the leases, although the leases represented FCBT's security interest. (09 A 01230, Docket No. 24). The Third Party Complaint was filed against Mr. Robert D. Leavitt ("Mr.Leavitt") and the Lowis & Gellen LLP law firm ("Lowis & Gellen") on April 15, 2010. (09 A 01230, Docket No. 25). Lowis & Gellen and Mr. Leavitt filed a Motion to Dismiss Third Party Complaint ("Motion") herein on April 22, 2010. (09 A 01230, Docket No. 32). The Third Party Complaint alleges that as a result of the professional malpractice of Lowis & Gellen and Mr. Leavitt that Debtor IFC double pledged approximately $4.5 million of the collateral, that FCBT's secured claim has been challenged by the

Trustee, that the Trustee is seeking payments made to FCBT under the loan and that the Trustee wants to avoid FCBT's interest in the collateral.

## JURISDICTION

This motion to dismiss arises in an adversary proceeding over which this court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

## SUBSTANCE OF THE MOTION TO DISMISS

Third Party Defendants Lowis & Gellen and Mr. Leavitt base their request for dismissal on the court's lack of jurisdiction. They also assert that it is premature to assert a professional malpractice claim before FCBT suffers damages. For the reasons noted herein, the Motion to Dismiss the Third Party Complaint is GRANTED.

▪ The jurisdiction of the bankruptcy courts is grounded in and limited by statute. Bankruptcy courts have authority to adjudicate proceedings "arising under," "arising in," or "related to," a case under title 11. "Arising under" jurisdiction connotes authority to adjudicate proceedings arising under title 11, matters under which a claim is made under a provision of title 11. This generally includes causes of action created by title 11. "Arising in" jurisdiction connotes authority to adjudicate administrative matters, orders to turn over property of the estate, determinations of the validity, extent or priority of liens, contempt matters, motions to appoint an additional committee under section 1102 and motions to appoint or to elect trustees and examiners under section 1104. *See* Colliers on Bankruptcy ¶ 3.01[4][c][i]

through [iv] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

■ According to Seventh Circuit authority "related to" jurisdiction is narrowly defined to cover only those proceedings where the dispute affects the amount of property for distribution or the allocation of property among creditors. *In re Memorial Estates, Inc.*, 950 F.2d 1364, 1368 (7th Cir.1991) (quoting *In re Xonics*, 813 F.2d 127, 131 (7th Cir.1987)).

■ The Seventh Circuit has interpreted "related to" jurisdiction narrowly out of respect for Article III as well as to prevent the expansion of federal jurisdiction over disputes that are best resolved by state courts. *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir.1989). That court noted in *In re Fed-Pak*, 80 F.3d 207, 214 (7th Cir.1996) that "common sense cautions against an open-ended interpretation of the "related to" statutory language in a universe where everything is related to everything else". Gerald T. Dunne, *The Bottomless Pit of Bankruptcy Jurisdiction*, 112 Banking L.J. 957 (Nov. Dec. 1995). "Overlap between the bankrupt's affairs and another dispute is insufficient unless its resolution also affects the bankrupt's estate or the allocation of its assets among creditors." *Home Ins. Co.*, 889 F.2d at 749.

■ First Chicago Bank and Trust's third party claim against Lowis & Gellen and Mr. Leavitt is related to the Trustee's adversary proceeding in that they each concern the transaction between IFC and FCBT, the loan and the pledge of various leases as collateral.

The problem for FCBT is that its potential recovery against Lowis & Gellen and Mr. Leavitt does not affect the amount of property for distribution or the allocation of property among creditors as FCBT's legal malpractice recovery does not come

into the bankruptcy estate. First Chicago Bank and Trust is not obligated to turn over such proceeds to the bankruptcy estate. If there was such an obligation the Trustee would certainly pursue it.

First Chicago Bank and Trust asserts that its professional malpractice recovery would affect distribution to creditors. Their recovery could affect distribution to estate creditors only if the estate had a right to the proceeds. FCBT is free to allocate recovered funds in any way it chooses. This court cites Bankruptcy Judge Doyle's ruling in *Doctor's Hospital of Hyde Park, Inc. v. Dr. James H. Desnick, et al.* in rejecting First Chicago Bank and Trust's expansive view of bankruptcy court jurisdiction:

> Under LaSalle's view of "related to" jurisdiction, any time a creditor who filed a claim against the debtor could potentially recover some portion of the amount claimed from a third party, the bankruptcy court would have "related to" jurisdiction over the creditor's claim against the third party. For example, if a creditor had a claim against a debtor, but insurance might also cover some of the creditor's losses, the creditor could sue the insurer in bankruptcy court. The Seventh Circuit's narrow view of "related to" jurisdiction does not stretch this far. The mere possibility that a creditor might recover from a non-debtor and thereby reduce the amount of the creditor's claim against the debtor is not sufficient to bring that claim within the "related to" jurisdiction of the court.

308 B.R. 311, 317–318 (Bankr.N.D.Ill. 2004).

■ The Seventh Circuit instructs regarding "related to" jurisdiction that "[t]he reference to cases related to bankruptcy cases is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it

not for bankruptcy, would be ordinary standalone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum". *Zerand–Bernal Group, Inc. v. Cox,* 23 F.3d 159, 161 (7th Cir.1994) (quoting *Xonics* 813 F.2d at 131). The Third Party Complaint concerns claims that are neither by nor against Debtor IFC. It is essentially a lawsuit between nondebtors. The third party claim does not affect or involve any dispute over property that was or is part of the bankruptcy estate.

First Chicago Bank and Trust argues that the ruling in *In re Mission Bay Ski & Bike, Inc.,* 398 B.R. 250 (Bankr.N.D.Ill. 2008) supports its position herein. That case involved a debtor who defaulted on a loan. The loan had several guarantors. A creditor filed a claim against the debtor's bankruptcy estate and sued a guarantor. The Bankruptcy court found that the claim was "related to" the bankruptcy proceeding because the third party creditor's success against the guarantor on the guaranty claim would reduce the amount that the third party creditor could claim against the debtor in bankruptcy because under guaranty law when the guarantor pays the creditor, the debtor's obligation to the creditor is discharged. *Mission Bay,* 398 B.R. at 254. This reflects a "related to" dispute as its resolution affects the amount creditors will receive and affects the allocation of estate assets. "Reduction of the creditor's claim leaves more estate property for other creditors and so affects the amount of property for distribution." *Mission Bay,* 398 B.R. at 253. A recovery by First Chicago Bank and Trust against the law firm and Mr. Leavitt does not inure to the benefit of the Trustee and the bankruptcy estate as would the recovery by the creditor against the guarantor in the *Mission Bay* case. Without that affect "related to" jurisdiction does not lie.

## RIPENESS

 The professional malpractice claim against the lawyer and the law firm is not ripe for resolution. To recover for professional negligence a claimant has to prove duty, breach of that duty, causation and damages. *Pelham v. Griesheimer,* 92 Ill.2d 13, 18, 64 Ill.Dec. 544, 440 N.E.2d 96 (1982). Until resolution of the Trustee's adversary proceeding against FCBT, FCBT will not know whether it has suffered damages or losses because of the way the leases were handled. What if the Trustee does not prevail in his adversary proceeding against First Chicago Bank and Trust? It would be unfair to require the third party defendants to participate in the trial of the main case at this point in time when the damages issue is unresolved. First Chicago Bank and Trust's effort to have Lowis & Gellen and Mr. Leavitt defend a professional negligence matter while the underlying transaction is in dispute, is premature and speculative as FCBT can not now show an injury or damages.

The Motion to Dismiss the Third Party Complaint is GRANTED. The Third Party Complaint is DISMISSED.