In the Matter of Paul E. THOMAS, Charlene S. Thomas, d/b/a Thomas Landscaping Company, Thomas Landscaping Company, Inc., Bankrupts.

**JOSEPH LORENZ, INC.,**
**Plaintiff-Appellant,**

v.

Paul E. THOMAS, Charlene S. Thomas, d/b/a Thomas Landscaping Company, Thomas Landscaping Company, Inc., Defendants-Respondents.

Civ. A. No. 82–C–983.
Bankruptcy No. 81–01379A.
Adv. No. 81–0753.

United States District Court, E.D. Wisconsin.

April 18, 1983.

John T. McCann, Milwaukee, Wis., for Joseph Lorenz, Inc.

Richard H. Bussler, Jr., Polidori & Bussler, Milwaukee, Wis., for Paul E. Thomas and Charlene S. Thomas.

## DECISION and ORDER

TERENCE T. EVANS, District Judge.

Plaintiff-appellant Joseph Lorenz, Inc., commenced an action in the Bankruptcy Court of this district, 21 B.R. 553, to declare that its claims against the defendants were non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(4), (6). Lorenz was the general contractor on a construction project in Milwaukee. Paul E. Thomas d/b/a Thomas Landscaping Company was a landscape contractor who acted as a sub on the project. Charlene S. Thomas is the wife of Paul.

On June 30, 1982, following a trial that was conducted on June 8, 1982, U.S. Bankruptcy Judge James E. Shapiro entered a decision finding: (1) that Charlene S. Thomas had only a minimal role in the business of Thomas Landscaping Company and was not subject to the exceptions to discharge provisions of § 523; (2) that Paul E. Thomas was a fiduciary pursuant to § 779.16, Wis.Stats.; (3) that the use of the funds by Paul E. Thomas constituted defalcation within the meaning of § 523(a)(4); (4) that the debt from Paul E. Thomas to Joseph Lorenz, Inc. was non-dischargeable, but only to the extent of $2,658.43; and (5) that the debt from defendant Charlene S. Thomas to Joseph Lorenz, Inc. was dischargeable in full. Lorenz, because it sought a declaration that in excess of $15,-000.00 was non-dischargeable as to both Thomases, appeals.

Bankruptcy Rule 810 requires that the Bankruptcy Court's findings be upheld unless they are "clearly erroneous." A finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Accord United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). Unless there is strong evidence suggesting that a mistake or miscarriage of justice has occurred, the district court should not disturb the findings of the Bankruptcy Court. See *McDowell v. John Deere Industrial Equip-*

*ment,* 461 F.2d 48, 50 (6th Cir.1972); *Matter of Stanley Hotel, Inc.,* 15 B.R. 660.

The material facts are not in serious dispute. Thomas Landscaping Company was the landscape subcontractor for Lorenz on a project known as "Green Market". During the course of work on the project, but prior to completion, three separate checks were issued to Thomas Landscaping by Lorenz. The three checks totaled $22,730.00. The first check was endorsed by Thomas Landscaping and turned over to Pioneer Turf Nursery, one of its suppliers on the project. The check was to serve as a replacement for a previously issued "non-sufficient funds" check. The second check was deposited in a checking account in the name of "Charlene Thomas" at the First Wisconsin-Milwaukee Bank. The third check was deposited in a savings account in the names of "Paul E. Thomas or Charlene Thomas" at Mutual Savings & Loan Association. The latter two checks were handled in this fashion because the business accounts of Thomas Landscaping had been closed out, apparently due to the prior issuance of a number of NSF checks.

 Judge Shapiro found that Charlene Thomas was "little more than a disbursing agent" for her husband's business. The finding is not only not "clearly erroneous" but is, it appears, the only logical finding one could make in this case. As to the other findings, the Bankruptcy Code provides that a discharge may be denied to a debtor for any debt incurred through "fraud or defalcation while acting in a fiduciary capacity". § 523(a)(4). The Bankruptcy Court found that Paul Thomas was a fiduciary under Wisconsin law. Because this finding was not adverse to the position urged by Lorenz, it is not challenged on appeal. The finding that Paul Thomas was a fiduciary, however, was only a momentary victory for Lorenz. This is so because the Court concluded that only a small portion of the debt was non-dischargeable. I have reviewed the record and conclude that the findings of the Bankruptcy Court are not clearly erroneous.

To accept the position urged by Lorenz would, in all probability, close the doors of the Bankruptcy Court to all subcontractors. Here, Judge Shapiro correctly found that the non-dischargeable portion of the debt consisted only of that portion directly attributable to Paul Thomas' diversion of funds. The findings that only a $2,162.56 obligation to Neenah Foundry Company and a $495.87 obligation to Hamele Recreation Company were directly diverted are specifically supported by the evidence and not clearly erroneous. Accordingly, the judgment is affirmed and the appeal dismissed. SO ORDERED.