51 F.3d 276
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Benjamin M. VICTORIA, Jr., Debtor/Appellee.
Appeal of S.A. SCHAPIRO.
 No. 93-2598.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 6, 1995.*
Decided April 6, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Attorney S.A. Schapiro appeals the sanctions imposed on him by the Bankruptcy Court pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure. Schapiro claims that he did not violate Rule 9011 and that his due process rights were violated. See Fed.R.Bank.P. 9011 (mandating that every pleading served or filed be signed by an attorney of record); Matter of American Reserve Corp., 840 F.2d 487, 489 (7th Cir.1988) (Rule 9011 requires that every claimant investigate the facts and conduct necessary legal research before filing a claim). On appeal, we review the imposition of sanctions pursuant to Bankruptcy Rule 9011 for an abuse of discretion. Chambers v. Nasco, Inc., 501 U.S. 32 (1991); In re Excello Press, Inc., 967 F.2d 1109, 1112 (7th Cir.1992).
 
 
 2
 Schapiro's client was a creditor of the debtor, Benjamin M. Victoria, Jr. On behalf of his client, Schapiro filed a motion to dismiss the Chapter 11 proceedings on various grounds, including that the debtor filed the proceeding in bad faith and had deceived the court. The debtor and the trustee opposed the motion.[1] The debtor, in his response to the motion, asked that sanctions be imposed. Bankruptcy Judge McGarity denied Schapiro's motion to dismiss. At the hearing on the motion to dismiss,[2] the judge also found that Schapiro had violated Rule 9011 of the Federal Rules of Bankruptcy Procedure and ordered him to pay $1,875.[3] We reject Schapiro's contentions that the district court applied an erroneous legal standard and violated his constitutional right to due process: the district court applied a clear error standard and ruled that Schapiro had notice of debtor's request for sanctions. For the reasons stated in the attached order, we AFFIRM the district court's judgment.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 EASTERN DISTRICT OF WISCONSIN
 
 3
 In re Benjamin M. Victoria, Jr., Debtor.
 
 Bankruptcy Appeal Case No. 93-C-369
 ORDER
 
 4
 STADTMUELLER, District Judge.
 
 I. Facts and Procedural History
 
 5
 Benjamin M. Victoria, Jr. (hereinafter the "Debtor"), filed a voluntary petition for Chapter 11 bankruptcy on May 22, 1992 in the United States Bankruptcy Court for the Eastern District of Wisconsin, case number 92-03471. The action was assigned to Judge Margaret D. McGarity. On September 14, 1992, Mr. Victoria commenced an adversary proceeding against Joshua Vandervelden, a minor who had obtained a state court judgment against him for $1.1 million.
 
 
 6
 On January 7, 1993, Joshua Vandervelden, through his attorney, S.A. Shapiro, filed a motion to dismiss the Chapter 11 proceedings. The grounds presented for the motion to dismiss were stated as follows:
 
 
 7
 1. The debtor has failed to propose any plan to reorganize.
 
 
 8
 2. The debtor's ability or inclination to reorganize under the facts presented does not exist regarding inclination and is impossible, as to ability.
 
 
 9
 3. The debtor has filed this proceeding solely to litigate a common law issue that is properly one for the state court.
 
 
 10
 4. The debtor has filed this proceeding in bad faith.
 
 
 11
 5. The debtor has conducted himself deceptively as to his property in state court proceedings prior to this action.
 
 
 12
 Motion To Dismiss at 1. The Debtor opposed the motion to dismiss and Judge McGarity scheduled a hearing for February 19, 1993.
 
 
 13
 At the hearing on the motion to dismiss, Judge McGarity issued a ruling from the bench denying Vandervelden's motion to dismiss with prejudice. In addition, Judge McGarity found that Attorney Shapiro had filed the motion to dismiss in violation of Rule 9011 of the Federal Rules of Bankruptcy Procedure and ordered him to pay sanctions in the amount of $1,875 to cover services performed by the Debtor's counsel and his witnesses in connection with the motion to dismiss. Judge McGarity's ruling was subsequently memorialized in an order dated March 30, 1993.
 
 
 14
 On March 12, 1993, Attorney Shapiro filed a notice of appeal in this court, seeking review of Judge McGarity's order for sanctions. Based on the arguments raised on appeal, Mr. Shapiro seeks reversal of Judge McGarity's order for sanctions. He also seeks reassignment of the action on remand.
 
 
 15
 On May 19, 1993, Thomas O'Brien, counsel for the Debtor, filed a motion to file a memorandum in lieu of a brief in response to Mr. Shapiro's appellate brief. Along with that motion, Mr. O'Brien filed the subject memorandum. The court will grant Mr. O'Brien's motion and accept the memorandum for consideration in connection with Mr. Shapiro's appeal.
 
 II. Discussion
 
 16
 The district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under 28 U.S.C. Sec. 157. 28 U.S.C. Sec. 158(a).
 
 
 17
 On appeal the district court may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings. Bankruptcy Rule 8013. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses. Id. A finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. In re Thomas, 33 B.R. 109 (E.D.Wis.1983) (citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1967)). Conclusions of law made by the bankruptcy court are reviewed de novo. In re Jack Winter Apparel, Inc., 119 B.R. 629 (E.D.Wis.1990) (citing In re CHG International, Inc., 897 F.2d 1479, 1481-82 (9th Cir.1990); In re Sanabria, 52 B.R. 75, 76 (N.D.Ill.1985)); In re Napco Graphic Arts, Inc., 83 B.R. 558, 560 (E.D.Wis.1988) (citing In re Kimzey, 761 F.2d 421, 423 (7th Cir.1985)).
 
 
 18
 Attorney Shapiro appeals the bankruptcy court's order of March 30, 1993 which denied his motion to dismiss with prejudice and ordered him to pay sanctions in the amount of $1,875. He bases his appeal on four arguments: (1) Judge McGarity's order for sanctions constituted a denial of his right to procedural due process in violation of the Fifth Amendment; (2) Judge McGarity's order is invalid because she failed to make an initial determination as to the core, non-core, or related nature of the sanctions proceedings; (3) Judge McGarity's finding that his motion violated Rule 9011 was erroneous; and (4) Judge McGarity erred in granting expert status to the Debtor's witnesses.
 
 A. Due Process
 
 19
 Mr. Shapiro argues that, in considering the request for sanctions at the hearing on the motion to dismiss, Judge McGarity denied him due process. Instead, Mr. Shapiro argues, Judge McGarity should have scheduled a separate hearing on the sanctions issue, thereby affording Mr. Shapiro an opportunity to prepare and present a defense.
 
 
 20
 As noted above, Mr. Shapiro filed a motion to dismiss the Chapter 11 proceedings, and Judge McGarity scheduled a hearing on that motion for February 19, 1993. The Debtor filed a brief in opposition to that motion in which he asked that the court deny Mr. Shapiro's motion, "that he be awarded fees and costs pursuant to Rule 11," and that the court grant "any other relief as the court deems appropriate." Debtor's Response to Motion to Dismiss at 3. At the hearing on the motion to dismiss, Amelia Ramirez, on behalf of the United States Trustee, made a request for sanctions pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure. She stated:
 
 
 21
 Your Honor, I would request this motion be dismissed today. And further under Rule 9011 that the Court order sanctions against Attorney Shapiro. I don't believe that he even investigated the basis for his motion. I don't believe he even knows the law. I don't think he did a reasonable inquiry and definitely his motion is not well grounded in fact. I believe that sanctions should be ordered against Attorney Shapiro today.
 
 
 22
 Transcript from February 19, 1993 hearing at 20. Thomas O'Brien, on behalf of the Debtor, joined in that motion:
 
 
 23
 No motion is brought in good faith that says the debtor is not making his monthly statements when the monthly statements were filed. No motion is filed in good faith and that suggests the very state court ... that they hid his charge in the Circuit Court of Milwaukee County. And I'm entitled to fees, and I expect that the Court will make the usual Rule 11 order. There is no reason for the witnesses to be here. And we have witnesses here. We have two attorneys, a stockbroker and a real estate professional. They were here to explain in detail that Mr. Shapiro already knows. And I join with Ms. Ramirez for a hearing on Rule 11 whether appropriate sanctions--.
 
 
 24
 Id. at 21-22.
 
 
 25
 Mr. Shapiro objected to the court's immediate consideration of the sanctions issue, arguing that he had the right to bring in an attorney to testify that there was reasonable grounds to bring the motion to dismiss. Id. at 57. In response to Mr. Shapiro's request that he be permitted to produce an expert to testify on whether or not the motion was properly brought, Ms. Ramirez stated:
 
 
 26
 I believe the court has much experience. The court has been in private practice. The court knows what it takes to do a reasonable inquiry before filing a motion. I think the Court is very able to rule today without hearing another attorney come in here and tell us that it's possible that he did a reasonable inquiry into this. I have not seen his motion; but from hearing the discussion the Court has been having with the different witnesses and with Mr. O'Brien, that the motion was not well grounded in fact or that a reasonable inquiry was made as to the grounds for the motion.
 
 
 27
 I also believe that with the combined experience of the attorneys here, I think that we can all pretty much come to a consensus that this is a type of motion which should not have been filed.
 
 
 28
 Transcript of February 19, 1993 hearing at 57-58. Similarly, Mr. O'Brien stated:
 
 
 29
 I don't think there is an attorney that can be found who will testify that saying that the debtor has failed to file reports when he could walk down the hall, the records will disclose that. I'd ask you to award the sanctions in whatever amount Your Honor deems appropriate without further adjournment.
 
 
 30
 Id. at 58.
 
 
 31
 Judge McGarity found that, based on the request for fees and costs made by Mr. O'Brien in his opposition brief, Mr. Shapiro had notice that sanctions would be in issue at the hearing on the motion to dismiss. She therefore denied Mr. Shapiro's request for a separate hearing on the sanctions issue, considered the merits of the requests for sanctions, and concluded that sanctions were warranted:
 
 
 32
 Well, I do find that this motion and attachments were brought for an improper purpose, that they were not grounded in reasonable inquiry, that they are not--well there was no reasonable inquiry as to either the facts or the law in this case. In the first place, there was improper notice given. The attorney didn't read the rules and got everybody here today even though actually it probably should [ ] not have gone forward. The statement was made that the debtor did not file proper reports. That could easily have been investigated an obviously was not. It nevertheless causes everybody to try to respond to it. The attorney was unprepared to present evidence and nevertheless felt that the Court should draw conclusions on incomplete information, hearsay type information, but mostly incomplete and insufficient evidence. If taken as true, it would not support the motion that was brought.
 
 
 33
 He also argued things like this should be decided in a state court case when the law is very, very clear that the Bankruptcy Court has original and exclusive jurisdiction to determine dischargeability. Facts found by another court may have collateral estoppel effect here, but the legal conclusion has to be in this court. The cases that were cited in the brief were for the most part not pertinent to the motion that was brought. By citing cases that are not pertinent or have been reversed nevertheless cause the other side to have to run around and re[f]ute it, and this unnecessarily increases the cost of litigation. It's irresponsible to do that.
 
 
 34
 Id. at 60-61.
 
 
 35
 Based on this record, the court concludes that Judge McGarity's decision to entertain the request for sanctions at the hearing on the motion to dismiss was reasonable. The Debtor's opposition brief gave Mr. Shapiro notice that a request for fees and costs pursuant to Rule 11 would be raised, and the language of Rules 11 and 9011 is virtually identical. Thus, Mr. Shapiro should have been prepared to address the request for sanctions. Requiring him to do so without scheduling a separate hearing was, in this court's view, entirely reasonable. Moreover, scheduling a separate hearing on the sanctions issue so that Mr. Shapiro could offer the testimony of an attorney in support of his decision to file the motion would have been imprudent. Judge McGarity was entirely capable of reaching a decision on the sanctions issue without the aid of an "expert"; holding a separate hearing would have compounded the damage by needlessly increasing the costs of litigation.
 
 
 36
 Finally, with respect to his due process violations argument, Mr. Shapiro contends that Judge McGarity's order for sanctions is unconstitutional because she failed to state under which "prong" of Rule 9011 she was awarding sanctions. Mr. Shapiro is wrong. Judge McGarity found that Mr. Shapiro signed and filed the motion to dismiss without first making a reasonable inquiry into the relevant law and facts, in violation of Rule 9011. After reviewing the record, the court agrees with Judge McGarity's findings and conclusions. Had Mr. Shapiro exercised a modicum of sound legal judgment, he would not have filed the motion to dismiss on the grounds raised. Mr. Shapiro's conduct violated Rule 9011.
 
 B. Nature of Sanctions Proceedings
 
 37
 Bankruptcy judges may hear and determine all case under title 11 and all core proceedings arising under title 11. 28 U.S.C. Sec. 157(b)(1). "Core proceedings" include but are not limited to the following: matters concerning the administration of the estate; allowance or disallowance of claims against the estate; counterclaims by the estate; orders in respect to obtaining credit; orders to turn over property of the estate; proceeding to determine, avoid, or recover preference; motions to terminate, annul, or modify the automatic stay; proceedings to determine, avoid, or recover fraudulent conveyances; determinations as to the dischargeability of particular debts; objections to discharges; determinations of the validity, extent, or priority of liens; confirmations of plans; orders approving the use or lease of property; orders approving the sale of property; and other proceedings affecting the liquidation of the assets of the estate." Id. Secs. 157(b)(2)(A)-(O).
 
 
 38
 Mr. Shapiro contends that Judge McGarity's order denying his motion to dismiss and awarding sanctions is invalid because Judge McGarity failed to make a determination as to the nature of the proceedings, i.e. core or related. Contrary to Mr. Shapiro's assertion, however, Judge McGarity did make a finding on this issue; she expressly stated that the hearing on the sanctions issue was a core proceeding:
 
 
 39
 The Court: Well, you just got to read the rules. I mean, that's the whole problem in this case is that you haven't read the rules or the cases, apparently. You also cited Rule 9033 ... on objections to proposed orders. 9033 is for review of proposed findings of fact and conclusions of law in non-core proceedings. It doesn't apply. Please read the law.
 
 
 40
 Mr. Shapiro: I respectfully submit a sanctions order is not a core proceeding under 153.
 
 
 41
 The Court: I think it is, because it's related to the core proceeding which was a motion to dismiss.
 
 
 42
 Mr. Shapiro: I agree that was a core proceeding. But the sanctions is an independent thing. It's not listed among the list of items as a core proceeding under 157.
 
 
 43
 Transcript of March 15, 1993 Hearing at 4. Judge McGarity reiterated her position with respect to the classification of the sanctions hearing as a core proceeding when Mr. Shapiro raised the issue again at the bond hearing on March 31, 1993:
 
 
 44
 Mr. Shapiro: I would like to point out one thing. In my objection to the order that I filed--to the second order which was within ten days of the signing--the first order was submitted--I pointed out that this was a non-core proceeding and--Not the motion to dismiss but the sanction request--and consequently there could be a stayed judgment per se, but merely findings and facts and conclusions of law and--
 
 
 45
 The Court: Well, the case law is pretty clear on that. If you have a core proceeding such as a motion to dismiss which is clearly a core proceeding, then any motion for sanctions is also a core proceeding so you are just mistaken.
 
 
 46
 * * *
 
 
 47
 * * *
 
 
 48
 Let me tell you about the Memorial Estates case, also a Seventh Circuit case, 1991. The sanction itself was a core proceeding in which the bankruptcy court could enter a final order. Or the attorney's conduct concerned administration of the estate. You've got a core proceeding that you are working on, namely a motion to dismiss. The sanctions relating to the motion to dismiss are also a core proceeding. The request for sanctions are right there in the response to the motion. I don't know how anybody with a straight face could say they didn't have notice of it because all you could do is fail to read it. That's the only way you would not have notice of it.
 
 
 49
 Transcript of March 31, 1993 Hearing at 5, 7.
 
 
 50
 The court agrees with Judge McGarity's analysis of the nature of the sanctions hearing. In re Memorial Estates, Inc., 950 F.2d 1364, 1370 (7th Cir.1991), cert. denied, 112 S.Ct. 2969 (1992), clearly supports the determination that the sanctions issue, which arose in the context of the hearing on the motion to dismiss the Chapter 11 action--clearly "a case under the code"--was a core proceeding in which the bankruptcy court could enter a final order pursuant to 28 U.S.C. Sec. 157(b)(1) and (2).
 
 C. Finding of Rule 9011 Violation
 
 51
 Rule 9011(a) of the Federal Rules of Bankruptcy Procedure provides as follows:
 
 
 52
 Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name, whose office address and telephone number shall be stated.... The signature of an attorney or party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.
 
 
 53
 The language of Federal Rule of Civil Procedure 11 is virtually identical.[1]
 
 
 54
 At the hearing on the motion to dismiss, Judge McGarity provided Mr. Shapiro with an opportunity to present evidence in support of his motion to dismiss. Mr. Shapiro stated that he had no witnesses to present; he simply intended to rely on the documentary evidence submitted in connection with his motions. After reviewing the motion and supporting documentation, however, the court found that, even assuming that the facts as alleged by Mr. Shapiro were true--and there was reason to suspect that this was not the case--none of the arguments raised by Mr. Shapiro constituted grounds for dismissal of the Chapter 11 proceedings. Moreover, throughout the course of the proceedings, it became readily apparent that Mr. Shapiro had not read the relevant rules of court. For example, because of Mr. Shapiro's admitted failure to read Rule 2002 of the Federal Rules of Bankruptcy Procedure, the United States Trustee was not served with the motion to dismiss. See Transcript of February 19, 1993 hearing at 3-4. In addition, Mr. Shapiro's performance suggested that he had not adequately researched the factual and legal foundation for his motion; he quoted cases wholly out of context, and he cited one case which had been reversed and several other cases which were inapplicable to the proceedings before the court. Given this performance, it is clear that Mr. Shapiro signed and filed the motion to dismiss without first making a reasonable inquiry into the law and facts, thereby unnecessarily increasing the cost of litigation. Judge McGarity's finding that Mr. Shapiro signed and filed the motion to dismiss in violation of Rule 9011 will therefore be upheld.
 
 D. Finding of Expert Status
 
 55
 At the hearing on the motion to dismiss, Mr. O'Brien, on behalf of the Debtor, presented three witnesses to testify as to the amount of time and effort expended in preparation of a defense to the motion filed by Mr. Shapiro. As his first witness, Mr. O'Brien called R. Valjon Anderson, a real estate attorney, who testified that he had been asked to appear at the hearing to explain allegations relating to the equity in the Debtor's home. Mr. Anderson testified that, in preparation for his appearance, he spent approximately one hour assembling and reviewing documents; he then spent an additional two hours at the hearing.
 
 
 56
 Next, Mr. O'Brien called Robert D. Ross, an investment advisor. Mr. Ross testified that he had been asked to appear by Mr. O'Brien to discuss the Debtor's involvement with FCMS Management, a tax shelter investment, and the ramifications of such an investment on the debtor's tax returns and financial position. Mr. Ross further stated that he performs investment counseling at an hourly rate of $125, and that he spent approximately four hours preparing for his appearance and appearing at the hearing.
 
 
 57
 Finally, Mr. O'Brien called Attorney Sandra Ruffalo to discuss allegations of asset concealment made by Mr. Shapiro in connection with his motion to dismiss. Ms. Ruffalo testified that, in addition to the time spent in court at the hearing on the motion to dismiss, she spent approximately two hours reviewing files in preparation for her appearance.
 
 
 58
 In connection with his motion for sanctions, Mr. O'Brien requested that the court order Mr. Shapiro to pay the costs he and his witnesses incurred in having to appear to refute the allegations raised by Mr. Shapiro's baseless motion. Judge McGarity found that this was a proper sanction and therefore awarded costs and fees as follows:
 
 
 59
 As far as the witnesses are concerned for coming down here, I'll award as experts because Mr. Anderson had to look into real estate law because the allegation was that, I guess, that there was a fraudulent transfer. I keep coming back to the fact that that has no relevance to a motion to dismiss, but is an argument the defense has to deal with anyway as to why the statement made in the motion was incorrect about transferring property in order to avoid a lien.
 
 
 60
 So I'll qualify Mr. Anderson as an expert. I'll likewise qualify Mr. Ross because tax shelters are/were very tricky. If there is an allegation made there was property generating 66,000 for the rent, then he had to explain it.
 
 
 61
 * * *
 
 
 62
 * * *
 
 
 63
 So I'll qualify Mr. Ross as an expert as well as Ms. Ruffalo also is an expert. She explained why the practice was left off of the divorce judgment. That was supposedly one of the places where the debtor failed to disclose the assets that he was supposed to, and so interpreting the divorce judgment or the divorce paper is useful information. It was an asset that was left off. Again, it's irrelevant to the motion to dismiss; but it's one of those things where the defense has to address it even as to frivolous grounds for the motion brought which it is. It's frivolous.
 
 
 64
 Okay. I think they should probably get about three hours each. Everybody at 125.
 
 
 65
 Transcript of February 19, 1993 hearing at 62-64. At a hearing held on March 15, 1993 to address Mr. Shapiro's objections to the proposed order on the motion to dismiss, Judge McGarity reiterated her decision to award as experts: "all three of [the witnesses] talked about the legal reasoning attendant to the transactions that were involved. And I thought they were expert witnesses ... the other two had to talk about the legal issues involved, the homestead and the ... disposition of the practice, medical practice in the divorce." Transcript of March 15, 1993 hearing at 36-37.
 
 
 66
 Mr. Shapiro contends that Mr. Ross's testimony was unnecessary. He further contends that Mr. Ross cannot qualify as an expert because "[t]o qualify as an expert, Ross would have necessarily had to know if debtor had or had not reportable income in 1989, which he did not claim to know; even had he known, it would not be an area of expertise, and, would only create some inference, but not totally discredit the theretofore made admission that no return was filed." Appellant's Brief at 34. Based on this argument, Mr. Shapiro concludes that "[i]t was thus an error of law to give legal significance to his testimony and accord him the status of an expert witness. Solomon v. Northwestern State Bank 327 F.2d 720 (C.A.Minn.1964) at p. 724. The same applies to the other witnesses." Appellant's Brief at 34.
 
 
 67
 Mr. Shapiro's citation is improper in both form and substance. Solomon is neither binding on this court nor relevant to this proceeding. Indeed, the arguments made in Mr. Shapiro's appellate brief reflect the lack of legal insight and development which led Judge McGarity to issue sanctions in the first place. The court finds that Judge McGarity's decision to award fees and costs to the expert witnesses was reasonable in light of the testimony the witnesses presented, and the nature of the proceedings. The Debtor was compelled to defend himself against Mr. Shapiro's unfounded allegations, and Judge McGarity's decision to award sanctions in an amount to compensate the witnesses for their time spent and efforts made in connection with the motion to dismiss was entirely consistent with the mandate of Rule 9011.
 
 III. Conclusion
 
 68
 In the interest of ruling on a complete record, the court will grant the Debtor's motion to file a memorandum in lieu of a brief on appeal. The Debtor's memorandum is hereby accepted for consideration.
 
 
 69
 With respect to the appeal filed by Mr. Shapiro, based on the record before the court, and for the reasons set forth above, the court concludes that the bankruptcy court's decision to deny with prejudice the motion to dismiss filed by Attorney Shapiro on behalf of Joshua Vandervelden was reasonable. Similarly, the decision of the court to order Mr. Shapiro to pay the costs of services for Debtor's counsel and witnesses as a sanction for filing the motion to dismiss in violation of Rule 9011 was reasonable. Mr. Shapiro's arguments on appeal are without merit. He has not provided the court with any evidence that Judge McGarity's findings were clearly erroneous; after reviewing the record, this court is most certainly not left with the conviction that a mistake has been committed. Accordingly, the court finds that the bankruptcy court's order of March 30, 1993, and the findings of fact on which that order is based, should be upheld; Mr. Shapiro's appeal of Judge McGarity's March 30, 1993 order will be denied.
 
 
 70
 IT IS ORDERED that Debtor's motion to file a memorandum in lieu of a brief in response to Attorney Shapiro's appeal be and the same is hereby GRANTED; Debtor's memorandum is accepted for consideration.
 
 
 71
 IT IS FURTHER ORDERED that Attorney Shapiro's appeal of the bankruptcy court's order denying the motion to dismiss he filed on behalf of Joshua Vandervelden and sanctioning Mr. Shapiro in the amount of $1,875 be and the same is hereby DENIED; Judge McGarity's March 30, 1993 order is hereby AFFIRMED.
 
 
 72
 Dated at Milwaukee, Wisconsin this 9th day of June, 1993.
 
 
 
 *
 After preliminary examination of the appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the appellant's brief, and the record, the request for oral argument is denied and the appeal is submitted on the appellant's brief and record
 
 
 [1]
 Apparently Schapiro did not properly serve the trustee with the motion
 
 
 [2]
 The debtor presented three witnesses to contradict Schapiro's claims: an attorney who explained the debtor's real estate transaction; debtor's divorce counsel explained that there was no concealment of assets; and a securities dealer who explained debtor's tax shelters were without value
 
 
 [3]
 We note that the Bankruptcy judge ordered Schapiro to pay within 30 days
 
 
 [1]
 Federal Rule of Civil Procedure 11 provides:
 Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated.... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.